OILFIELD CONTRACTORS, INC., Plaintiff-Appellee, *v.* UNITED CITIES GAS COMPANY, Defendant-Appellant.

Fifth District No. 75-307

---

Opinion filed January 13, 1976.—Rehearing denied February 23, 1976.

---

Deneen A. Watson, Ltd., of Harrisburg (Deneen A. Watson, of counsel), for appellant.

Robert H. Rath, of Harrisburg, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff-appellee, Oilfield Contractors, Inc., filed a four-count complaint against defendants Shawnee Petroleum Co., Leroy A. Perrot, and United Cities Gas Co., the only defendant appealing. The trial court after a two day hearing announced on September 18, 1974 that it was awarding damages to the plaintiff against United Cities Gas Co. on counts I and IV of its complaint. Judgment was entered on September 18, 1974, and the appropriate order was filed on October 23, 1974.

The order denying defendant United Cities Gas Co. post-trial motions with respect to the order of September 18, 1974, was filed May 28, 1975. This order recites that the parties had stipulated that the portion of the judgment pertaining to relief accorded plaintiff under Count I of the complaint be stricken. Count I was against defendants United Cities Gas Co. and Shawnee Petroleum Co. for an accounting for proceeds for proceeds for gas paid by United Cities Gas Co. to the Shawnee Petroleum Co. for a certain period.

Docket entries dated September 17, 1974, indicate that the defendants Leroy A. Perrott and Shawnee Petroleum Co. were not served with summons. However, in the record, there is a return of the summons served on Shawnee Petroleum Co., but no appearance was filed. Thus the record is void as to any action taken on Count II of plaintiff's complaint with regard to Shawnee Petroleum Co. There is no question that defendant Leroy Perrott was never served. Accordingly, the trial court should have entered an order dismissing Count III of the complaint, which was against Perrott.

Illinois Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A § 304(a)) provides that judgments determining fewer than all of the matters involved in an action shall not be appealable unless the trial court makes an express written finding that there is no just reason for delaying enforcement or appeal.

A review of the record reveals the absence of the entry of an order disposing of Counts II and III of the plaintiff's complaint as well as the lack of a written finding contemplated by the above-mentioned Supreme Court Rule. Consequently, the judgment is not appealable. *Rubinson v. Pancoe*, 54 Ill.App.2d 224.

Appeal dismissed.

JONES and G. J. MORAN, JJ., concur.