THE CITY OF CHICAGO, Plaintiff-Appellant, *v*. CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 61542

Opinion filed October 20, 1976.

ADESKO, J., dissenting.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Ann Acker, Assistant Corporation Counsel, of counsel), for appellant.

No brief filed for appellees.


Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, the City of Chicago, filed a suit against the defendants for violations of the Municipal Code. The court dismissed counts one through eight of the complaint, and when another judge considered the other counts in the complaint, he denied the City's motion to vacate the order dismissing counts one through eight. Then, the court dismissed the remaining counts in the complaint. The City appeals from the trial court's decision and raises the following issues for review: (1) whether the counts that have been dismissed by one judge, herein counts one through eight, can be vacated by another judge, and (2) whether the·court erred in dismissing counts 10 and 11 of the complaint.

The facts reveal that the City filed a complaint against the defendants, owners of a piece of real estate at 4732 South Forrestville, alleging that they were guilty of 23 Municipal Code violations. The City was specifically concerned about the conversion of defendants' building to a multi-unit apartment building.

The first hearing was held on June 28, 1971, and Judge Zelezinski instructed the defendants to arrange for an inspection of the premises before July 27, 1971. At the next hearing, March 7, 1972, Judge Giliberto ordered the defendants to replace the defective hand rails. Then, on August 29, 1972, Judge Jankowski ordered the defendants to arrange for an inspection of the premises by September 19, 1972. On November 14, 1972, Judge Geocaris ordered the defendants to scrape down all peeling and flaking paint throughout the subject property, and to repair all broken plaster. At a July 10, 1973, hearing, Judge Buoscio ordered the defendants to complete all work and to correct the building and housing code violations before August 27, 1973. Then, on January 16, 1974, the trial court issued a rule to show cause why defendants should not be held in contempt for their failure to comply with the July 10, 1973, order.

On May 8, 1973, a hearing was held before Judge Kaplan, and Henry Davis, a city code enforcement inspector, was called by the City. Mr. Davis testified that although he was unable to inspect all the apartments, he gained entry to the basement, corridors, and five apartments. The witness was then asked whether there were any matters in full compliance and he testified that he found progress. Then Mr. Davis explained to the court that the defendants erected outside stairwells from the third floor for additional egress in 1958, and since the alleged violation in the complaint was improper conversion of the building, according to the inspector, the permit would cover the construction of the steps providing egress for the two apartments on the third floor.

After considering the testimony of the inspector, the trial court "no caused" counts 1 and 2 and 4 through 8, found that counts 3 and 9 had previously been complied with, and continued counts 10 and 11 until June 5, 1973. Although the court acted on some of the other counts in the complaint, they will not be considered since their disposition is unchallenged.

■■ The City argues that Judge Kaplan's order dismissing counts one through eight of the complaint was subject to modification. Because it was an interlocutory order subject to change before final entry, we agree with plaintiff that the order was interlocutory. Supreme Court Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * * The time for filing the notice of appeal shall run from the entry of the required finding." (Ill. Rev. Stat. 1971, ch. 110A, par. 304(a).)

Since the order entered by Judge Kaplan left several counts to be considered at a later date, and did not expressly state that "there is no just reason for delaying enforcement or appeal," the order on counts one through eight was not an order from which an appeal could be taken. (*Dowling v. Baker* (1975), 29 Ill. App. 3d 832, 835, 331 N.E.2d 320; *First National Bank v. Conness* (1975), 29 Ill. App. 3d 294, 296, 330 N.E.2d 272.) In light of the fact that this was an interlocutory order, the City argues that Judge Jorzak has the authority and the duty to vacate Judge Kaplan's order if it was erroneous. The City relies on *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, and quotes the following from that opinion at page 325:

> "A trial judge is not bound by the prior order of another judge. He has the right to review the prior order if in his judgment it was erroneous and he has the duty to do so if changed facts or circumstances make the prior order unjust."

■■ The City maintains that Judge Kaplan's order is erroneous since he concluded that the permits obtained by the defendants entitled them to convert the building and to add the additional units. The City also contends that the trial court erred because the record was devoid of evidence with which the court could arrive at a conclusion. Finally, the City argues since Judge Jorzak failed to rectify the errors, they remain on the record and the building is in violation. We do not think the trial judge erred. In the trial court, Judge Jorzak reviewed the findings of Judge Kaplan and concluded that there was substantial compliance and sufficient evidence upon which the trial court could enter the orders.

Judge Jorzak concluded, and we agree, that the City failed to demonstrate that the orders were erroneous since there was evidence that formed the basis of the orders, and no evidence that there had been a change in the facts or circumstances subsequent to the entry of the order. The sole witness to appear the hearing, the inspector, testified that he inspected the premises, that the basis of the complaint was improper conversion and that the permits covered the construction. From our reading of the record, the construction of the stairwells brought the building into compliance. We think the City has failed to demonstrate that the evidence in the records fails to support the judge's finding. In Illinois, the party seeking review has the burden of establishing error (*Artoe v. Bell Oil Co.* (1975), 26 Ill. App. 3d 485, 325 N.E.2d 312 (abstract opinion)), and the question on review of denial of a motion to vacate a judgment of dismissal is whether the trial court's discretion has been abused. (*Meneghen v. Calumet Development Corp.* (1974), 19 Ill. App. 3d 997, 999, 313 N.E.2d 279.) We think the City has failed to establish an error. Consequently, the trial court's decision on motion to vacate the order should not be reversed since there was no evidence of an abuse of discretion. *Anderson v. Anderson* (1975), 28 Ill. App. 3d 1029, 1034, 329 N.E.2d 523.

■■ Insofar as counts 10 and 11 are concerned, the record indicates that they relate to the basement apartment. The inspector testified and the court found that the basement apartment had been vacated. Therefore, the issue became moot and we hold that the trial court was correct in dismissing counts 10 and 11 of the complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN, J., concurs.

Mr. JUSTICE ADESKO dissenting:

On June 2, 1970, plaintiff filed a complaint against defendants, as owners of the building located at 4732 S. Forrestville, Chicago, charging 23 violations of the Municipal Code, including conversion of said building to a multi-apartment building without obtaining a permit. There were four hearings before four different trial judges who ordered specific acts to be done to improve said building. On July 10, 1973, the defendants were ordered by the trial court to complete all work and correct the building code violations before August 27, 1973.

In February, 1974, plaintiff filed a petition for a rule to show cause why defendants should not be held in contempt of court for failure to obey the

July 10, 1973, order. At a hearing held on May 8, 1973, no evidence was offered showing compliance by the defendants. The trial judge ruled that counts one through eight of the said petition for a rule were no cause for said rule and ordered the city code enforcement inspector and witness for the city to check out counts 10 to 11. Count 10 alleged that the boiler room did not have a class B fire door as required by the code. Count 11 alleged that the undesirable stairway needed to be altered to bring its fire resistance rating up to one hour as required by the code.

At no time did the defendants apply for or receive a permit to convert said single dwelling into a 24-unit apartment building.

On August 27, 1974, the parties appeared before a judge of the Circuit Court who refused plaintiff's request to vacate the order dismissing counts 1 through 8, stating that he had no authority to do so. Said judge then dismissed the remainder of the complaint. The city petitioned the court to reinstate counts 1 through 8 and 10 and 11, which the trial court denied in its order of November 26, 1974.

Defendants-appellees filed no brief in support of their contention on appeal. After examining the record and plaintiff-appellant's brief, I believe that the trial court erred in entering the order of November 26, 1974.

Plaintiff sought to vacate said erroneous ruling which was not final. It should have been corrected in the trial court without the necessity of an appeal. Judge Kaplan, one of the trial judges, concluded that the two permits, procured by the defendants to replace five water closets and to build stairs, were sufficient authority to convert said single family dwelling into a rooming house. Nothing in said permits approves conversion of the building to the present apartment use. Furthermore, the city, plaintiff-appellant, was not permitted to present its case or to offer evidence of the existing violations.

For these reasons, I conclude that the dismissal of said counts and of the remainder of the complaint was erroneous.