JAMES L. MARKSTAHLER, Plaintiff, *v.* CONSUMERS DEVELOPMENT AND CONSTRUCTION, LTD., *et al.*, Defendants.—(CONSUMERS DEVELOPMENT & CONSTRUCTION, LTD., Third-Party Plaintiff-Appellee, *v.* C-U COMPANY, Third-Party Defendant-Appellant.)

Fourth District   No. 14410

Opinion filed October 14, 1977.

T. G. Knappenberger, Jr., of Champaign, for appellant.

Sebat, Swanson, Banks, Lessen & Garman, of Danville (Ralph J. Swanson, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns the question of whether a judgment determining a third-party defendant liable to indemnify a third-party plaintiff accompanied by a finding that "there is no just reason to delay enforcement of or appeal from this order" is appealable when neither the liability nor damages in the underlying case, for which the third-party plaintiff sought indemnity, have been determined. We conclude that such a judgment is not then appealable.

Plaintiff James L. Markstahler brought suit in the Circuit Court of Vermilion County against defendants Consumers Development & Construction, Ltd. (Consumers Development) *et al.*, for personal injuries which he allegedly incurred when he fell from a roof. Consumers Development then filed a third party complaint against third party defendant C-U Company (C-U) seeking indemnity. The trial court granted Consumers Development's motion for a summary judgment

against C-U on the question of liability as to the third party complaint, finding that Consumers Development's negligence, if any, was passive and that C-U's negligence, if any, was active. The summary judgment order recited that the judgment was contingent upon the outcome of the underlying suit. The judgment also provided that there was "no just reason for delaying enforcement or appeal." C-U appeals to this court.

■■ Although the question of the appealability of the judgment is not raised by the parties, it is our responsibility to determine if we have jurisdiction of the appeal and, if we do not, to dismiss the appeal *sua sponte*. (*Chicago Portrait Co. v. Chicago Crayon Co.* (1905), 217 Ill. 200, 75 N.E. 473.) Pursuant to this responsibility we have previously entered a rule on C-U to show cause why the appeal should not be dismissed.

Except in workmen's compensation cases and cases where a statute has been declared unconstitutional, all final orders of the circuit court in civil cases are appealable as a matter of right to the appellate court (Ill. Const. 1970), art. VI, §6; Ill. Rev. Stat. 1975, ch. 110A, par. 301). A judgment final as to less than all of the parties or all of the substantial claims in a case is not a final order within the meaning of the foregoing. (*Goodrich v. City National Bank & Trust Co.* (1969), 113 Ill. App. 2d 471, 251 N.E.2d 548.) The supreme court is empowered to provide by rule for appeals of other than final orders from the circuit court to the appellate court (Ill. Const. 1970, art. VI, §6) and has adopted Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)) which provides in part:

> "(a) Judgments As To Fewer Than All Parties or Claims— Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding."

A comprehensive history of the rulings of Illinois courts upon the appealability of various types of orders which have some element of finality appears in the comments of the Supreme Court Rules Committee and the Historical and Practice Notes to those rules compiled by Albert E. Jenner, Jr., and Philip W. Tone (Ill. Ann. Stat., ch. 110A, par. 304, Committee Comments and Historical and Practice Notes, at 585-590 (Smith-Hurd 1968)). The comments emphasize "that it is not the court's finding that makes the judgment final but it is the court's finding that makes this kind of a final judgment appealable." The Historical and Practice Notes point out that prior to 1956, a final judgment finally

determining the rights of fewer than all of the parties and fewer than all of the claims was appealable as a final order under the then prevailing statutes. Beginning in 1956 section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 50(2)) contained provisions substantially similar to present Rule 304(a) and remained in force until those provisions were incorporated in a Supreme Court Rule. The rulings and dicta in cited cases must be considered in the light of the development of the law at the time of their pronouncements.

The parties to this appeal wish for us to hear the appeal and contend that we have jurisdiction. They liken the situation to that in prior chancery cases where the court had determined the rights of the parties and referred the matter to a master for an accounting. In *Altschuler v. Altschuler* (1948), 399 Ill. 559, 78 N.E.2d 225, decided before the advent of section 50(2), the supreme court held such a decree to be final and thus appealable if the decree set forth the principles upon which the master was to state the account. After section 50(2) came into force, that court ruled in *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787, and *Hanley v. Hanley* (1958), 13 Ill. 2d 209, 148 N.E.2d 792, that such a decree was appealable only if the section 50(2) finding that there was no just reason to delay enforcement or appeal was made. The parties here argue that the rights and liabilities of the parties have been determined and that the entry of the amount by which C-U must indemnify Consumers Development can be determined by the incidental ministerial act of the clerk of entering judgment in whatever amount Consumers Development is found to be liable in the underlying case.

Rule 304(a), however, clearly states that for a judgment to come within its purview, the judgment must have been rendered in a case involving multiple parties or claims and be final as to at least one but not all of the parties or at least one but not all of the claims. In *Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364, the supreme court ruled that this court properly dismissed an attempted appeal from a judgment in an ordinary negligence case which determined liability in favor of the plaintiff but left the amount of damages for later determination. A section 50(2) finding had been made. The rationale of the decision appears to be that the case did not involve multiple claims or parties rather than that the judgment was not final as to a claim or a party. Since the court ruled that only one claim was involved, that would imply a ruling that a determination of liability did not involve a separate claim from a determination of damages. In any event, later in *Martino v. Barra* (1967), 37 Ill. 2d 588, 229 N.E.2d 545, that court ruled that judgments determining liability and leaving damages undetermined in a case involving multiple parties was not made appealable by a section 50(2) finding except for one party as to

whom the amount of damages in the event of liability had been previously stipulated.

■■ As was done in the instant case, a summary judgment of contingent liability of a third-party defendant to indemnify a defendant to the original case was entered prior to the determination of the original case in *Nogacz v. Proctor & Gamble Manufacturing Co.* (1976), 37 Ill. App. 3d 636, 347 N.E.2d 112. Despite the entry of a Rule 304(a) finding by the trial court, the appellate court held that because the summary judgment was not sufficiently final, the time within which an appeal from that order might be taken did not begin to run until liability and damages had been determined in the original case. Thus, the summary judgment was not appealable merely upon its entry and the Rule 304(a) finding.

We agree with *Nogacz.* The situation there and in the instant case is more similar to *Childers* and *Martino* than to *Ariola, Hanley* or *Altschuler.* Here, C-U's liability is not determined but is conditioned upon the outcome of the underlying case. If the outcome is a judgment for Consumers Development, C-U has no liability. If the outcome is a settlement in which Consumers Development agrees to make payment, C-U's liability would be conditioned upon the *bona fide* nature of the settlement (*Boston v. Old Orchard Business District, Inc.* (1960), 26 Ill. App. 2d 324, 168 N.E.2d 52). Accordingly, we rule that the judgment from which appeal is sought is not final as to either a party or a claim. A Rule 304(a) finding does not make it appealable.

The appeal is dismissed.

Appeal dismissed.

CRAVEN, P. J., and WEBBER, J., concur.