MENNO MILLER *et al.*, Plaintiffs-Appellants, *v.* ROBERT H. SCHULTZ, Defendant-Appellee.

Third District   No. 77-73

Opinion filed October 24, 1977.

Donald D. Rumley, of Rumley & Cashen, of Kewanee, for appellants.

Richard N. Molchan, of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal that stems from an action brought by Menno Miller, Martin Miller and David Miller (hereinafter referred to as the plaintiffs) against Robert H. Schultz (hereinafter referred to as the defendant) for the recovery of damages for alleged legal malpractice. The circuit court of Bureau County dismissed the plaintiff's complaint in its twice amended form for failure of the same to state a cause of action and as stated, this appeal ensued.

On June 22, 1970, the plaintiffs, being brothers, met at the law office of the defendant for the purpose of entering into a contract for the purchase of certain real estate which the plaintiffs had previously verbally agreed to buy through Mr. Hermes, a licensed real estate broker, who represented the seller, Mr. John Stevens. Mr. Hermes and Mr. Stevens were also present at the meeting.

During the meeting a contract for purchase of the real estate was negotiated, drafted, executed, and the plaintiffs paid Mr. Stevens the sum of $25,000 as a down payment.

Mr. Stevens was later unable to convey title to the real estate to the plaintiffs since he had been a contract purchaser of the same and that contract had been declared void in other litigation. Being unable to return the down payment to the plaintiffs, Mr. Stevens executed a short-term note payable to them in the sum of $23,000. Mr. Hermes, the realtor, paid $2,000 to the plaintiffs. The plaintiffs ultimately obtained a judgment against Mr. Stevens which remains unpaid and is apparently uncollectible.

The sole issue presented in this appeal is whether the trial court committed error in dismissing the complaint of the plaintiffs as twice amended and with prejudice, on the grounds that it failed to state a cause of action.

■■ In considering the question as to whether the plaintiff's complaint did or did not state a cause of action we must be cognizant of the plaintiffs' theory as to why the defendant is guilty of malpractice. The thrust of plaintiffs' theory is that the defendant permitted them to make a payment to Mr. Stevens without first ascertaining whether or not Stevens had a merchantable title to the land which they desired to purchase. The plaintiffs contend that a "check or search" of the title to the land should have been made at or prior to the time the contract to purchase was signed and that if defendant had done so he would have discovered

information which would have caused him to require that the plaintiffs' down payment be placed in escrow.

The fallacy of the plaintiffs' argument or theory is clearly demonstrated when we examine their amended complaint filed on October 23, 1975. Paragraph 8 of that pleading alleges as follows:

> "8. On December 10, 1970 in case numbered 70-7-176E, this court voided the interest of the vendor in the premises to be conveyed. The Vendor was unable to complete the terms of Exhibit A and failed to return the $25,000 down payment."

This allegation of the plaintiffs acknowledges that Stevens, the seller, did not have any title problems on the date of signing the contract for sale of the real estate which occurred on June 22, 1970, but he acquired title problems almost six months later when his interest in the land to be conveyed was voided by litigation unrelated to this litigation. There is no allegation in any of plaintiffs' pleadings that title irregularities would have been discovered if a search of the record had been made on June 22, 1970, and it therefore follows that the plaintiffs cannot assert that they were damaged by the failure to make such a search. The trial court inter alia expressly made this finding in its order of October 8, 1976, which dismissed the plaintiffs' complaint with prejudice.

■■ A further examination of the pleadings filed by the plaintiffs discloses that nowhere is there any allegation that the seller Stevens claimed at the time of signing the contract for sale of real estate that he was vested with good title. It would be difficult to make any such allegation and sustain it by evidence since the contract by its terms required only that Stevens have a good title at the time of closing the transaction. So again, we can only conclude that a title search was not required of the defendant on June 22, 1970, the date of the execution of the contract.

■■ The plaintiffs call attention to the fact that on January 7, 1976, which was prior to the court's order of October 8, 1976, which dismissed their action, another judge had held that portions of their complaint were adequate to state a cause of action. It is the plaintiffs' contention that another judge could not subsequently make a contrary ruling. Such is not the law in our State, for our reviewing courts have held that even though one judge on a previous occasion has held a pleading to be sufficient, another judge may subsequently set aside that ruling if he deems that it was erroneous. See *Mater v. Silver Cross Hospital* (1936), 285 Ill. App. 437, 2 N.E.2d 138, and *City of Chicago v. Chicago Title & Trust Co.* (1976), 43 Ill. App. 3d 504, 357 N.E.2d 553.

■■ The defendant argues that the plaintiffs have had their opportunities to draft a complaint which states a cause of action but have

failed to do so and therefore the trial court did not abuse its discretion by determining that they are unable to do so. With this argument we agree. See *Alster v. Chicago Tastee-Freez Corp.* (1966), 76 Ill. App. 2d 388, 222 N.E.2d 274.

For the reasons set forth the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.