CHICAGO MINIATURE LAMP WORKS, INC., Plaintiff and Counterdefendant-Appellee, *v.* JOHN D'AMICO *et al.*, Defendants and Counterplaintiffs-Appellants.

First District (2nd Division)    No. 78-1233

Opinion filed November 6, 1979.

Roderick F. Mollison, of Chicago, for appellants.

Samuel W. Witwer, Jr., and Frank J. Casey, both of Witwer, Moran, Burlage & Atkinson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendants, John D'Amico and Roger Narimatsu, appeal from an order of the circuit court of Cook County dismissing portions of their countercomplaint against plaintiff, Chicago Miniature Lamp Works, Inc. Because the order appealed from is neither final nor appealable, we conclude that we lack jurisdiction and dismiss the appeal.

Only such facts as are necessary to our consideration of the jurisdictional issue need be given. In May of 1977, plaintiff filed a complaint principally charging defendants with breach of certain restrictive "key employee agreements." Defendants moved to dismiss, but the court found that the complaint stated a cause of action and denied their motion. Defendants then filed an answer, denominating as affirmative defenses their contentions that the contracts were adhesion contracts, were unreasonably broad, and were unlawful as violative of sections 3(3) and (4) of the Illinois Antitrust Act (Ill. Rev. Stat. 1977, ch. 38, pars. 60—3(3) and (4)), as contrary to public policy, and as unnecessary to protect any legitimate interest of their former employer.

Defendants then, on July 7, 1977, filed a countercomplaint seeking damages under the aforementioned sections of the Illinois Antitrust Act, pursuant to section 7(2) of the Act, which provides for private actions. (See Ill. Rev. Stat. 1977, ch. 38, par. 60—7(2).) In count I, defendants alleged that plaintiff violated section 3(3) of the Act in that plaintiff did "[m]ake and enter into a certain contract with [defendant] John D'Amico, on or about June 26, 1973, which contract was intended to fix, control, limit or discontinue the production and supply of goods and commodities manufactured and distributed by [plaintiff], Chicago Miniature Lamp Works." In the same count, defendants made identical allegations with respect to the making of and entry into defendant Narimatsu's employee agreement on August 5, 1968. In count II, subparagraphs 3(a) and (b)

respectively, defendants alleged that on or about June 26, 1973, and August 5, 1968, plaintiff attempted to create or maintain a monopoly in violation of section 3(4) of the Act by demanding as a condition of employment that defendants enter into the restrictive key employee agreements. In subparagraph 3(c), defendants pleaded a separate claim of attempted monopoly which, unlike the claims set out above, was not grounded in the making of or entry into defendants' agreements. Rather, defendants asserted that sometime in May of 1977, plaintiff barred its suppliers from doing business with the company presently employing defendants.

Plaintiff filed a reply to defendants' so-called affirmative defenses, denying the allegations contained therein. Plaintiff then moved to dismiss defendants' countercomplaint. One basis for the motion was that defendants' claims were barred by the statute of limitations for private damage actions under section 7(2) of the Illinois Antitrust Act, which provides, with an exception not here applicable, that "[a]ny action for damages under this subsection is forever barred unless commenced within 4 years after the cause of action accrued * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 60—7(2).) Noting that defendants had pleaded the making of and entry into the key employee agreements as the purported violations of the Act, and that both agreements had been entered into more than 4 years prior to the filing of defendants' countercomplaint, plaintiff prayed for dismissal of the countercomplaint. In the alternative, plaintiff requested that defendants be ordered to make their claims more definite and certain.

On March 31, 1978, the trial court entered the order that is the subject of defendants' appeal. The order provided that count I and subparagraphs 3(a) and (b) of count II of the countercomplaint were barred by the statute of limitations and were therefore dismissed. The order further required defendants to plead subparagraph 3(c) of count II of their countercomplaint in more certain terms. However, the order then gave defendants leave to amend both count I and count II, "in conformance with the above orders," and granted plaintiff leave to answer the amended countercomplaint. The order did not contain a finding pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) that there was no just reason for delaying enforcement or appeal of the order.

Defendants subsequently did file an amended countercomplaint, but only as to subparagraph 3(c) of their original countercomplaint, the reason being that they also filed a notice of appeal from the dismissal of count I and subparagraphs 3(a) and (b) of count II. Plaintiff has moved this court to dismiss defendants' appeal for want of an appealable order, which motion we have taken with the case. Thereafter defendants

attempted to procure a Rule 304(a) finding in the court below, but no ruling either way was ever made due to the intervening death of the trial judge.

■■■ Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) provides that where multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Several cases have held that the rule applies to counterclaims and therefore bars an appeal in the absence of a finding where a plaintiff's claims have been disposed of but a defendant's counterclaim remains pending. (*Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 653, 348 N.E.2d 527; *Highway Industries, Inc. v. Trailer Leasing Co.* (1977), 48 Ill. App. 3d 235, 236-37, 363 N.E.2d 60; *New Alpha Progressive Baptist Church v. Elks 1596 Building Corp.* (1978), 59 Ill. App. 3d 426, 428, 375 N.E.2d 1037; see also *Morton Buildings, Inc. v. Witvoet* (1979), 70 Ill. App. 3d 55, 388 N.E.2d 258.) This applicability of the rule to counterclaims clearly obtains in the converse situation where, as here, the counterclaim has been dismissed and it is the plaintiff's claim that remains. In the absence of a Rule 304(a) finding, then, appeal from such a dismissal order would ordinarily be barred.

■■ Defendants argue that we should view their countercomplaint as a separate "action," but, as we have seen, that is not the law for purposes of Rule 304(a). Moreover, even if it were, defendants' position would still lack merit owing to the fact that one portion of their countercomplaint was stricken only on technical grounds and is presently pending in the court below. Because the portion of the dismissal order appealed from concerned only some but not all of the claims in the countercomplaint and did not contain a Rule 304(a) finding, it is not appealable at this stage of the litigation. See, *e.g., Echo Lake Concerned Citizens Homeowners Association, Inc. v. Village of Lake Zurich* (1979), 68 Ill. App. 3d 219, 224-25, 386 N.E.2d 117; *Oilfield Contractors, Inc. v. United Cities Gas Co.* (1976), 35 Ill. App. 3d 290, 341 N.E.2d 385 (both involving multiple-count complaints).

Defendants also argue that their case falls within the limited exception to Rule 304(a) promulgated in *Andros v. Hansen Realty Co.* (1976), 44 Ill. App. 3d 635, 358 N.E.2d 664. In *Andros*, looking at the substance and not the form of the dismissal order, the court held that the dismissal of a counterclaim which completely determined all the same rights and liabilities as were the subject of the plaintiff's complaint was final and appealable without a Rule 304(a) finding. (*Andros*, 44 Ill. App. 3d 635, 638.) However, here the dismissal of defendants' antitrust counterclaims leaves at issue all the other defenses defendants have

raised, such as the reasonableness of the key employee agreements plaintiff seeks to enforce. The fact that defendants' motion to dismiss on this basis was denied does not mean that they might not ultimately prevail thereon. Indeed, even if the statute of limitations does bar the assertion of plaintiff's purported antitrust violations as causes of action, defendants would still not necessarily be precluded from raising them as affirmative defenses. (See generally 51 Am. Jur. 2d *Limitation of Actions* §76 (1970).) The dismissal of plaintiff's counterclaim leaves much of substance to be decided by the trial court, and therefore *Andros* is readily distinguishable.

Without expressing any opinion on the merits, we would also briefly comment on the wording of the court's dismissal order. Although the court dismissed the bulk of defendants' antitrust counterclaims (all of count I and subparagraphs 3(a) and (b) of count II) as barred by the statute of limitations, the court went on to grant defendants leave to amend their entire countercomplaint, both count I and count II, "in conformance with the above orders." Whether the court did so because defendants had explicitly pleaded the alleged violations as having occurred more than 4 years prior to the filing of the countercomplaint, thereby rendering them untimely and subject to dismissal on their face, and whether the court was justified in doing so, are matters not now properly before this court. Rather, we simply wish to make two points. First, as we have seen, even without this language the order of dismissal, though perhaps final, would not have been appealable without a Rule 304(a) finding. (See also *Peter G. Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 634-35, 377 N.E.2d 1102.) But second, and more important, the inclusion of language granting defendants leave to amend indicates that the trial court obviously contemplated further proceedings and did not consider its own order of dismissal final, even as to the claims the court held barred by the statute of limitations. Yet Rule 304(a) expressly provides that the judgment appealed from must be *final* as to one but not all claims or parties. (See *Markstahler v. Consumers Development & Construction, Ltd.* (1977), 52 Ill. App. 3d 918, 920, 368 N.E.2d 791.) Thus, even if the court had entered a finding pursuant to Rule 304(a), defendants' appeal would still be barred; for as the court in *Markstahler* pointed out, it is not the finding that makes a judgment final, but rather it is the finding that makes a particular kind of final judgment appealable. (*Markstahler*, 52 Ill. App. 3d 918, 919, citing Ill. Ann. Stat., ch. 110A, par. 304, Committee Comments & Historical & Practice Notes, at 585-90 (Smith-Hurd 1968); see *Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 362 N.E.2d 38; see also, *e.g., Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712 (dismissing an appeal despite the inclusion of a Rule 304(a) finding).) Moreover, as our supreme court has pointed out, Rule 304(a)

also by its terms presupposes the existence of a *judgment*, not just an order (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119-20, 382 N.E.2d 1217); and all we have here is an interlocutory order, which remains subject to revision at any time before final judgment. (See also *Peter G. Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 634-35, 377 N.E.2d 1102; *City of Chicago v. Chicago Title & Trust Co.* (1976), 43 Ill. App. 3d 504, 506, 357 N.E.2d 553.) Therefore, defendants' argument that their power to appeal hinges solely (and in their view, unjustly) on whether or not the trial court chooses to make a Rule 304(a) finding is not wholly accurate or pertinent.

It is apparent that the order appealed from is neither final nor appealable. Accordingly, the appeal is dismissed.

Dismissed.

DOWNING and GOLDBERG, JJ., concur.