THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellant, *v.* 1969 MERCEDES BENZ AUTOMOBILE, Respondent-Appellee.

Fourth District   No. 16334

Opinion filed December 1, 1980.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randolph Williams, of Champaign, for appellee, *pro se.*

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On January 2, 1980, a search was made of a 1969 Mercedes Benz automobile and a residence at 808 Ayrshire Drive, Champaign, pursuant to a warrant. Randolph Williams, the owner of the automobile and residence, filed a motion to suppress certain items seized during the search. Although no charges were pending against Randolph Williams concerning this evidence, the court below entertained a hearing on the motion and ruled that certain items seized during the search were suppressed from use at trial. The trial court's gratuitous advisory ruling is not an appealable order, and we dismiss the State's appeal.

"In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a)(1).) But this rule does not give the State the right to an interlocutory appeal from every ruling excluding evidence. (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16.) Rule 604 provides for appeal from certain orders in criminal cases, but provides no right to appeal when there is no underlying controversy to which a ruling is applicable.

The State filed notice of appeal pursuant to Supreme Court Rule 303.

(Ill. Rev. Stat. 1979, ch. 110A, par. 303.) The rules governing civil appeals provide that every final judgment of a circuit court in a civil case is appealable as of right. (Ill. Rev. Stat. 1979, ch. 110A, par. 301.) In addition to the fact that there was no proceeding relating to this motion in existence when this suppression order was entered, the trial court specifically reserved ruling on other claims to lawful possession of this evidence that the State might have. This order is not a final judgment, and there is no civil case to which it relates. The State cannot appeal this order under Rule 303.

As always, this court has the duty to examine its own jurisdiction. Since we do not have jurisdiction in this cause, we dismiss the appeal *sua sponte. Markstahler v. Consumers Development & Construction, Ltd.* (1977), 52 Ill. App. 3d 918, 368 N.E.2d 791.

Appeal dismissed.

WEBBER and MILLS, JJ., concur.