NORTHTOWN WAREHOUSE AND TRANSPORTATION COMPANY, INC., *et al.*, Plaintiffs-Appellees, v. TRANSAMERICA INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)   No. 83—0986

Opinion filed December 21, 1984.—Rehearing denied April 2, 1985.

SULLIVAN, J., dissenting.

Anthony J. Tunney, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellant Transamerica Insurance Company.

Garbutt & Jacobson Associated, of Chicago (John P. McGahey and Edward J. Berman, of counsel), for appellant I.I.A., Inc.

B. John Mix, Jr., of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Defendants, Transamerica Insurance Company and I.I.A., Inc., appeal from the trial court's judgment entered on a $287,428 verdict in favor of plaintiffs. The dispositive issue presented for review is whether the instant appeal has been properly taken so as to invoke our jurisdiction. For reasons hereinafter set forth, we dismiss the appeal for lack of jurisdiction.

On April 10, 1979, plaintiff Northtown Warehouse and Transportation Company, Inc. (Northtown), filed a complaint against defendants Transamerica Insurance Company (Transamerica), I.I.A., Inc., and Kenneth Dickerson. Count I of the complaint alleged that I.I.A., Inc., and Dickerson were agents of Transamerica; that I.I.A., Inc., through its president, Dickerson, agreed with plaintiff that it would obtain a policy of insurance from Transamerica which would cover the same risks which were already covered by a then-existing policy owned by plaintiff on a warehouse located at 4201-65 West Diversey Avenue, Chicago; that as a result of plaintiff's reliance upon the experience and representation of the defendants, plaintiff took out the suggested policy from Transamerica; and that on January 24, 1979, the roof of plaintiff's warehouse collapsed as the result of an accumulation of snow, a peril covered by plaintiff's original "all risk" policy, but not the Transamerica "replacement" policy then in effect on the premises. Damages in the amount of $510,000 were sought against Transamerica and I.I.A., Inc./Dickerson.

Count II alleged that I.I.A., Inc., and Dickerson were employed by

plaintiff as advisor and counselor regarding insurance coverage and were experienced in real property peril insurance; that plaintiff had relied upon I.I.A., Inc., and Dickerson's experience and representations in inducing plaintiff to take out the Transamerica policy; and that as a result of Transamerica's denial of liability as to the collapse of plaintiff's roof, plaintiff was damaged.

The answers of both Transamerica and I.I.A., Inc./Dickerson denied the material allegations of plaintiff's complaint.

On March 3, 1980, the trial court granted Transamerica's motion for leave to file its counterclaim against I.I.A., Inc./Dickerson. On August 14, 1980, the trial court ordered that Transamerica's counterclaim be stricken. However, on August 28, 1980, the trial court vacated its prior order of August 14 and ordered I.I.A., Inc./Dickerson to respond to the counterclaim. Defendant I.I.A., Inc./Dickerson's amended answer to Transamerica's counterclaim was filed on November 15, 1982. On that same day, the trial court sustained I.I.A., Inc.'s, motion to sever Transamerica's counterclaim from the case in chief because it believed that once the primary issues of the case in chief were resolved, "the Court might be able to resolve the other issue [counterclaim] on his own without the taking of any further evidence." On November 16, 1982, the trial court allowed I.I.A., Inc., to file its own counterclaim against Transamerica, but also severed it from the case in chief.

The case proceeded to trial on the amended complaint. At the close of plaintiff's evidence, the court allowed plaintiff's motion to amend the complaint to conform to the proof so as to join Harry Newberger as a party plaintiff. In addition, the trial court allowed defendant I.I.A., Inc./Dickerson's motion for directed verdict on behalf of Kenneth Dickerson, leaving only Transamerica and I.I.A., Inc., as party defendants.

Following the conclusion of the trial on November 24, 1982, the jury returned a verdict in favor of the plaintiffs and against both defendants, in the amount of $287,428. The trial court's judgment on the verdict followed. On March 28, 1983, the post-trial motions of both defendants were denied by the trial court. Defendants individually appeal from the trial court's judgment entered on the verdict.

OPINION

■ Our initial inquiry is whether an appeal properly lies from this judgment on the verdict. Before considering the merits of an appeal, the appellate court is duty bound to determine whether the appeal has been properly taken so as to invoke its jurisdiction. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1109, 403 N.E.2d 704.)

"The question of whether a court has jurisdiction is *always* open, and the court may of its own motion dismiss an action where want of jurisdiction appears." (*Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 629, 295 N.E.2d 41.) Thus, if jurisdiction is lacking, the court may dismiss the appeal even though the issue of jurisdiction was not raised by the parties. *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624, 390 N.E.2d 1270.

The jurisdiction of the appellate court usually depends upon the timely filing of a notice of appeal after the entry of a *final judgment.* (87 Ill. 2d R. 301; 94 Ill. 2d R. 303(a).) A judgment or decree is final and reviewable if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or some definite part thereof, so that, if affirmed, the trial court has only to proceed with execution. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 631, 373 N.E.2d 416.) Here, the final judgment challenged by both defendants is the judgment on the jury's verdict, a judgment which is appealable in an action involving a single party or claim. See 87 Ill. 2d R. 301.

However, where multiple claims or parties are involved in an action, the case is governed by Supreme Court Rule 403(a):

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from *a final judgment* as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.* Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. *In the absence of such a finding,* any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.) 87 Ill. 2d R. 304(a).

Rule 304(a) is designed to discourage piecemeal appeals in the absence of just reason, and to remove the uncertainty which exists when a final judgment is entered on less than all matters in the controversy. (*Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 884, 409 N.E.2d 447.) For a judgment on one claim or party to be appealable, in a multiple party or claim situation Rule 304(a) requires an express written finding that there is no just reason for delay in enforcement or appeal of

the claims decided in order for these claims to be appealable. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416.) The Rule includes counterclaims and third-party actions as "claims," and therefore bars an appeal in the absence of an express written finding where a plaintiff's claims have been disposed of, but a defendant's counterclaim or a third-party action remains pending. *Chicago Miniature Lamp Works, Inc. v. D'Amico* (1979), 78 Ill. App. 3d 269, 272, 397 N.E.2d 138; *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 631, 373 N.E.2d 416.

In the instant case, defendants filed counterclaims against each other which were later severed by the trial court from the case in chief. However, this discretionary severance, which resulted in separate *trials* of the case in chief and the counterclaims, did not act to create separate *actions* so as to make Rule 304(a) inapplicable. Hence, an express written finding as required by Rule 304(a) was necessary to give the judgment on this verdict appealability. (See *Sadler v. County of Cook* (1982), 108 Ill. App. 3d 175, 180, 438 N.E.2d 1351.) In this case, defendants essentially request this court to decide the merits of their counterclaims, merits upon which the trial court has not yet passed. Sound judicial policy dictates that appellate courts *review* the decisions of courts of original jurisdiction, and not *decide* issues for the first time.

Our careful search of the record before us reveals no express written finding by the trial court. Consequently, we deem the claims involved in the instant action to be part of a single "action," notwithstanding the severance of the counterclaim from the case in chief. Since the judgment here involved less than all claims and all parties, and no special finding was entered as required by Rule 304(a), this court has no jurisdiction to consider the appeal herein presented. 87 Ill. 2d R. 304(a).

Accordingly, the instant appeal is dismissed.

Appeal dismissed.

PINCHAM, J., concurs.*

SULLIVAN, J., dissenting:
I disagree with the opinion of the majority that we lack jurisdic-

---

*Justice Kenneth E. Wilson heard the oral argument in this case, and following Justice Wilson's death, Justice R. Eugene Pincham was substituted, listened to the tapes of the oral argument and read the briefs and record.

tion to consider this appeal. The opinion is based upon the conclusion that "the judgment here involved less than all claims and all parties, and no special finding was entered as required by Rule 304(a)."

It is my belief, however, that Rule 304(a) is not applicable and no special finding is required because it applies only where multiple parties and claims are involved in a single action (*Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 387 N.E.2d 1129), and the amended complaint and the counterclaim allege separate and distinct causes of action. *Chicago Miniature Lamp Works, Inc. v. D'Amico* (1979), 78 Ill. App. 3d 269, 397 N.E.2d 138, relied upon by the majority, is not supportive. It involved an appeal from the dismissal of portions of defendants' counterclaim against plaintiff, and although this court held that it had no jurisdiction because the order was "neither final nor appealable" (78 Ill. App. 3d 269, 270, 397 N.E.2d 138, 139), it also stated that Rule 304(a) was applicable "where a plaintiff's claims have been disposed of but a defendant's counterclaim remains pending" (78 Ill. App. 3d 269, 272, 397 N.E.2d 138, 140), and also in the converse situation where "the counterclaim has been dismissed and it is the plaintiff's claim that remains" (78 Ill. App. 3d 269, 272, 397 N.E.2d 138, 140). *Chicago Miniature Lamp Works*, however, did not hold and is not authority for applying Rule 304(a), where, as here, separate causes of action were involved.

It is clear that the order appealed from in *Chicago Miniature Lamp Works* was not appealable under either Rule 301 or 304 because it lacked finality, in that it did not terminate the rights of the plaintiff and defendant as to all or any part of the controversy between them. (See *National Tea Co. v. Gaylord District Department Stores, Inc.* (1981), 100 Ill. App. 3d 806, 427 N.E.2d 345.) In the instant case, however, plaintiffs' judgment is final since it disposes of all of the rights of plaintiffs and defendants as to the controversy between them in the original action, there remaining only the cross-claim between defendants. (Cross-claims are specifically included in the term counterclaim under section 2—608 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—608.))

In its counterclaim, Transamerica—while denying any agency existing between it and counterdefendants—sought a judgment from them in the amount of any judgment that might be entered for plaintiffs against it solely on the basis that under the doctrine of *respondeat superior*, it was liable as principal for the negligence of its agents. Thus, the purported cause of action set forth in the counterclaim was unrelated to and distinct from plaintiffs' action and, in fact, could not possibly have come into being until such time as a judgment

was entered for plaintiffs under the doctrine of *respondeat superior*. Rule 304(a) not being applicable, the order in question—having finality—was appealable under Rule 301, and since a timely notice of appeal was filed, we have jurisdiction to consider this appeal.