2025 IL App (4th) 241513-U

NO. 4-24-1513

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

FILED
August 20, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ASSOCIATED BANK, NATIONAL ASSOCIATION, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macoupin County |
| ROBERT L. SMITH, as Independent Administrator of | ) | No. 24FC3 |
| the Estate of Thomas F. Topal, a/k/a Thomas Topal, | ) | |
| Deceased; TINA MARIE BROKAW; PATRICIA ANN | ) | |
| NEWELL; MICHAEL TIMOTHY TOPAL; JOSEPH | ) | |
| VARADY; ROBERT L. SMITH, as Independent | ) | |
| Administrator of the Estate of Catherine M. Petrak; | ) | |
| CHANNING S. PETRAK; JODY K. PETRAK, | ) | |
| UNKNOWN HEIRS AND DEVISEES OF THOMAS F. | ) | |
| TOPAL, Deceased; UNKNOWN CLAIMANTS AND | ) | |
| LIENHOLDERS AGAINST THE ESTATE OF | ) | |
| THOMAS F. TOPAL, Deceased; and UNKNOWN | ) | |
| CLAIMANTS AND LIENHOLDERS AGAINST THE | ) | |
| UNKNOWN HEIRS AND DEVISEES OF THOMAS F. | ) | |
| TOPAL, Deceased, | ) | |
|     Defendants | ) | |
| | ) | |
| (Robert L. Smith, as Independent Administrator of the | ) | Honorable |
| Estate of Thomas F. Topal, a/k/a Thomas Topal, | ) | Allison S. Lorton, |
| Deceased, Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice Harris and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  An order dismissing an affirmative defense is not a final order and is not made appealable by an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding. Similarly, because the counterclaim at issue here sought relief substantially the same as that being sought in the foreclosure action, the circuit court's order dismissing it does not resolve a distinct portion of the case. Consequently, the appellate court lacks jurisdiction over the appeal.

¶ 2        Associated Bank, National Association (Associated Bank), filed a foreclosure action against defendant Robert L. Smith, as independent administrator of the estate of Thomas F. Topal, a/k/a Thomas Topal, deceased (Estate), and various other defendants regarding residential property formerly owned by Thomas F. Topal and now a part of his estate.

¶ 3        The circuit court granted Associated Bank's motion to dismiss defendant's affirmative defenses to the complaint and his counterclaim and entered a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) as to both orders. Defendant now seeks to reverse the two dismissal orders.

¶ 4        We dismiss for lack of jurisdiction.

¶ 5                                    I. BACKGROUND

¶ 6                                    A. Underlying Facts

¶ 7        In April 2012, decedent Thomas F. Topal owned residential property subject to a mortgage held by Associated Bank. Decedent passed away in 2017. Associated Bank did not file a foreclosure action within two years of decedent's death, nor did it file a claim in his probate estate in that time, as none had yet been opened. After an estate was opened for decedent, it moved to bar all claims held by Associated Bank arising out of the mortgage based on the two-year limitations period set forth in section 18-12(b) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/18-12(b) (West 2016)). The circuit court, finding that no claims or foreclosure action had been filed prior to the expiration of the two-year period, granted the Estate's motion. It then ordered Associated Bank to provide the Estate with a written release of its mortgage, which the Estate would then pay to record.

¶ 8                                    B. Prior Appeal

¶ 9        On appeal, this court affirmed the circuit court's finding that Associated Bank's

claims against the Estate were time-barred under section 18-12(b) of the Probate Act but reversed the court's remaining findings, holding that Associated Bank could file a separate foreclosure action against the property but that its recovery was limited to the proceeds from the foreclosure sale. *In re Estate of Topal*, 2022 IL App (4th) 210613, ¶¶ 20, 28. Should the sale result in a deficiency, it would not be recoverable from the Estate. *Id.* ¶ 28.

¶ 10                                C. Subsequent Foreclosure Action

¶ 11        In January 2024, Associated Bank filed a foreclosure action against the Estate and others, including Tina Marie Brokaw, Patricia Ann Newell, Michael Timothy Topal, Joseph Varady, Robert L. Smith, as independent administrator of the estate of Catherine M. Petrak, Channing S. Petrak, Jody K. Petrak, unknown heirs and devisees of Thomas F. Topal, Deceased, unknown claimants and lienholders against the Estate, and unknown claimants and lienholders against the unknown heirs and devisees of Thomas F. Topal, deceased, seeking sale of the property and satisfaction of its outstanding mortgage, which was subsequently amended. The amended complaint requested that a judgment of foreclosure be entered, that the property be sold, and that the lien be satisfied. It also asked for attorney fees and costs. Defendant moved to dismiss the amended complaint, raising multiple defenses, including lack of jurisdiction, timeliness, *laches*, condition precedent, standing, and estoppel. The motion to dismiss was denied.

¶ 12        Thereafter, defendant filed an answer, raising five affirmative defenses (several of the same claims that served as grounds for his previous motion to dismiss) and a counterclaim under section 20-6(b) of the Probate Act (755 ILCS 5/20-6(b) (West 2024)), seeking the sale of property and asking that proceeds of the sale be used to satisfy the mortgage lien. Section 20-6(b) provides that a court may, "in any proceeding to sell or mortgage real estate,"

"direct the sale or mortgage of the property free of all mortgage, judgment or other

liens that are due, provide for the satisfaction of all those liens out of the proceeds of the sale or mortgage and settle and adjust all equities and all questions of priority among all interested persons." *Id.*

¶ 13 Associated Bank moved to dismiss the counterclaim and the affirmative defenses.

¶ 14 On October 30, 2024, the circuit court dismissed the counterclaim and affirmative defenses. Concerning the affirmative defenses, the court found the first affirmative defense (lack of jurisdiction) was "legally and factually insufficient, as this court has determined that jurisdiction is proper, and [defendant's] claims to the contrary are without merit and controlling authority." The second affirmative defense (statute of limitations) was found "legally and factually insufficient, as it [is] simply an attempt to relitigate the Plaintiff's claim in 20 P 105." The court found the third affirmative defense (*laches*) and the fifth affirmative defense (estoppel) were legally and factually insufficient and concluded that the fourth affirmative defense (condition precedent) was "not a proper affirmative defense."

¶ 15 Concerning the counterclaim, the circuit court concluded that defendant "faile[d] to state a legally sufficient cause of action that would afford [defendant] such relief. The court then stated that its order was "final and appealable *** with respect to dismissal with prejudice" of the affirmative defenses and counterclaim and that there was "no just reason to delay enforcement or appeal thereof."

¶ 16 This appeal followed.

¶ 17 II. ANALYSIS

¶ 18 On appeal, defendant challenges the circuit court's orders dismissing his affirmative defenses and also his counterclaim. While neither of the parties has questioned this court's appellate jurisdiction, we have a duty to *sua sponte* determine whether we have jurisdiction

- 4 -

to decide the issues presented. *In re Estate of Devey*, 239 Ill. App. 3d 630, 632 (1993); *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 453 (2006). Here, defendant asserts this court has jurisdiction over the underlying orders under Illinois Supreme Court Rules 304(a) and 304(b)(1). Ill. S. Ct. R. 304(a), 304(b)(1) (eff. Mar. 8, 2016). We now examine those contentions.

¶ 19                                    A. Jurisdiction

¶ 20        Generally, an appellate court has jurisdiction to review only final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994).

> "A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and, if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment." *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005).

¶ 21                                    1. *Rule 304(a)*

¶ 22        However, even a final judgment or order is not necessarily immediately appealable. Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or

appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 23 A court "cannot make a nonfinal order appealable simply by including language that complies with Rule 304(a)." *In re Estate of Rosinski*, 2012 IL App (3d) 110942, ¶ 22; see *In re Estate of Stark*, 374 Ill. App. 3d 516, 522 (2007).

¶ 24                                        2. *Rule 304(b)(1)*

¶ 25 Defendant's brief suggests that jurisdiction exists pursuant to Rule 304(b)(1), which permits an interlocutory appeal in cases involving "[a] judgment or order entered in the administration of an estate *** or other similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016). The instant action is for a mortgage foreclosure, and it does not involve the "administration" of an estate.

¶ 26 With these principles in mind, we now turn to the two orders in question.

¶ 27                           B. Dismissal of the Affirmative Defenses

¶ 28 It is well settled that an order striking or dismissing an affirmative defense is not a final order, even if that order is accompanied by language complying with Rule 304(a). In *Smith v. Interstate Fire & Casualty Co.*, 47 Ill. App. 3d 555, 558 (1977), the court concluded that it lacked jurisdiction to review an order striking an affirmative defense, despite the fact that the order included a finding of appealability pursuant to Rule 304(a). The court reasoned that the circuit court still had before it "a determination of the possible liability of [defendant] to plaintiff. The striking of the affirmative defense did not end the controversy between those parties, thus this court has no jurisdiction to review the order to strike." *Id.* Similarly, in *Shelton v. Andres*, 122 Ill. App. 3d 1089, 1093 (1984), the court concluded that an order striking a defendant's affirmative

defenses "was not final because it did not determine the litigation on its merits so that, if affirmed, the only thing remaining would be to proceed with execution on the order."

¶ 29        In this case, the circuit court's dismissal of the affirmative defenses leaves the underlying foreclosure claim unresolved but further leaves unaffected defendant's ability to defend the claim. Thus, while the court's dismissal of the affirmative defenses removed potential bars to Associated Bank's recovery, it did not make a finding of liability on the underlying claim and did not impair defendant's ability to defend that claim on its merits. Rule 304(a) deals specifically with "claims for relief," and affirmative defenses are simply not claims.

¶ 30        We also note that, as in *Smith*, the presence of Rule 304(a) language does not alter our conclusion. A court cannot convert an otherwise nonfinal order into a final and appealable order simply by the inclusion of Rule 304(a)'s language. *Stark*, 374 Ill. App. 3d at 522. An order striking or dismissing an affirmative defense is not a final order and is not appealable even if that order is accompanied by language complying with Rule 304(a). See *e.g.*, *Blackhawk Building, LLC v. Stanton*, 2022 IL App (2d) 210452-U, ¶ 71 ("[A]n order striking or dismissing an affirmative defense is not a final order and is not appealable even if the order is accompanied by a Rule 304(a) finding."); see also *Shelton*, 122 Ill. App. 3d at 1093.

¶ 31        We also find that defendant cannot rely on the language of Rule 304(b)(1), which allows for an appeal from a final order without the necessity of subparagraph (a)'s special language where the order is entered in the administration of an estate "or other similar proceeding which fully determines the right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016). Here, the affirmative defenses were raised in response to plaintiff's foreclosure action and, therefore, the dismissal order is not "[a] judgment or order entered in the administration of an estate *** or other similar proceeding." *Id.*; see *Smith v. Goldstick*, 110 Ill. App. 3d 431, 437 (1982) (Rule 304(b) "is

applicable only to judgments or orders entered in the administration of an estate *** or other similar proceeding. Since the present action is not within the proceedings specified, Rule 304(b) is inapplicable.").

¶ 32 We conclude, therefore, that we lack jurisdiction to hear the appeal from the order dismissing the affirmative defenses.

¶ 33 C. Dismissal of the Counterclaim

¶ 34 Under certain circumstances, an order dismissing a counterclaim may be considered a final order subject to interlocutory appeal under Rule 304(a). See, *e.g.*, *Chicago Miniature Lamp Works, Inc. v. D'Amico*, 78 Ill. App. 3d 269, 273 (1979). However, central to that conclusion is a finding that the order in question disposes of a distinct claim and is not merely a rehashing of the underlying claim under a different name. Defendant's counterclaim, premised on section 20-6(b) of the Probate Act (755 ILCS 5/20-6(b) (West 2024)), asks for the sale of the property and satisfaction of all outstanding liens against it, which is the essence of the underlying foreclosure action. Relief cannot be granted on one without deciding the other.

¶ 35 We find support in *Blumenthal v. Brewer*, 2016 IL 118781, ¶¶ 25-26, where the supreme court held that an order dismissing a counterclaim was not final because the counterclaims sought the same relief as the underlying complaint and the court's dismissal of counterclaims did not dispose of the rights of the parties as to the issues raised. As the *Blumenthal* court explained, "Although the circuit court in this case made the written finding required by Rule 304(a), that finding is not dispositive," because "[b]y its terms, Rule 304(a) applies only to final judgments or orders." *Id.* ¶ 24. According to the supreme court:

> "Counts I, II, IV, and V arose from the same set of operative facts and sought precisely the same thing as the underlying cause of action asserted by Blumenthal:

division of the value of the parties' Chicago home. Rather than being distinct and separate from Blumenthal's action, these counts merely advanced different analytical approaches for determining how the home or its proceeds should be allocated between the parties. They were, in effect, different iterations of the very same claim. When they were dismissed, the ultimate question—how the value of the residence should be split—remained unresolved. The dismissal served only to narrow the criteria applicable to that decision." *Id.* ¶ 26.

¶ 36 Moreover, the court stated, "[W]here an order disposes only of certain issues relating to the same basic claim, such a ruling is not subject to review under Rule 304(a)." *Id.* ¶ 27. Indeed, "permitting separate appeals of such orders promotes precisely the type of piecemeal appeals Rule 304(a) was designed to discourage." *Id.*; see *In re Marriage of Leopando*, 96 Ill. 2d 114, 119-20 (1983)). The court found that, "[b]ased on this reasoning, the portion of the circuit court's order dismissing counts I, II, IV, and V of Brewer's counterclaim was not appealable under Rule 304(a)." *Blumenthal*, 2016 IL 118781, ¶ 27.

¶ 37 Similarly, in this case, defendant's counterclaim, based on section 20-6(b) of the Probate Act (755 ILCS 5/20-6(b) (West 2024)), sought to have the property sold and all liens satisfied. For all intents and purposes, this is the same relief sought by the underlying foreclosure claim. As in *Blumenthal*, "[t]hey were, in effect, different iterations of the very same claim." *Blumenthal*, 2016 IL 118781, ¶ 26. An order is considered final and appealable for purposes of Rule 304(a) if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate and definite part thereof. *Id.* ¶ 25. The order dismissing the counterclaim does not meet this threshold because the circuit court could still grant the desired relief as part of Associated Bank's underlying foreclosure claim. Thus, the order

dismissing defendant's counterclaim is not final and Rule 304(a) cannot apply.

¶ 38       For the same reasons as stated above, we conclude that Rule 304(b)(1) is not applicable in this mortgage foreclosure action. Although the counterclaim may assert rights granted under the Probate Act, it does not transform a civil action for mortgage foreclosure into an action involving the "administration of an estate." Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016).

¶ 39       Therefore, we conclude that we also lack jurisdiction over the appeal of the dismissal of defendant's counterclaim.

¶ 40                               III. CONCLUSION

¶ 41       For the reasons stated, we dismiss the instant appeal for lack of jurisdiction.

¶ 42       Appeal dismissed.