(Nos. 61769, 61783 cons.—

NORTHTOWN WAREHOUSE AND TRANSPORTA-
TION COMPANY, Appellee and Appellant, v. TRAN-
SAMERICA INSURANCE COMPANY *et al.* (Tran-
samerica Insurance Company, Appellant and
Appellee).

*Opinion filed March 19, 1986.*

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for appellant and appellee Transamerica Insurance Company.

B. John Mix, Jr., of Chicago, for appellee and appellant Northtown Warehouse and Transportation Company.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Northtown Warehouse and Transportation Company, brought this action in the circuit court of Cook County against I.I.A., Inc. (I.I.A.), and Transamerica Insurance Company (Transamerica) after Transamerica refused to pay an insurance claim submitted by plaintiff. The complaint alleged, *inter alia*, that I.I.A. was an agent of Transamerica; that I.I.A. agreed to procure an insurance policy from Transamerica which would cover

the same risks which were covered by a then-existing insurance policy owned by plaintiff on its warehouse; and that plaintiff relied upon the experience and representations of the defendants and purchased the policy issued by Transamerica. It further alleged that on January 24, 1979, the roof on plaintiff's warehouse collapsed as a result of a heavy accumulation of snow—a peril covered under plaintiff's original insurance policy but not the replacement policy issued by Transamerica. The complaint sought $510,000 in damages.

Both defendants filed answers to the complaint denying liability. Subsequently, Transamerica filed a counterclaim against I.I.A. seeking indemnification. Prior to trial, the circuit court granted I.I.A.'s motion to sever Transamerica's counterclaim from plaintiff's action. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—614(b).) The court then allowed I.I.A. leave to file a counterclaim against Transamerica, which also was severed from plaintiff's case. Thereafter, the parties proceeded to trial on plaintiff's action only, and a jury returned a verdict in plaintiff's favor and against both defendants for $287,428. Defendants appealed. The appellate court, with one justice dissenting, concluded that it did not have jurisdiction, and it dismissed the appeal. (131 Ill. App. 3d 274.) Plaintiff and defendant Transamerica, in separate petitions, sought leave to appeal in this court (87 Ill. 2d R. 315(a)), which we granted. The parties did not file additional briefs, but instead elected to stand on their original petitions. This court consolidated the cases for disposition.

The sole issue is whether the appellate court erred in dismissing the appeal for lack of jurisdiction.

The appellate court majority determined that since the severed counterclaims were still pending, defendants could not appeal absent special findings by the trial court as required by Supreme Court Rule 304(a) (87 Ill.

2d R. 304(a)). Rule 304(a) governs appeals from judgments where multiple parties or claims are involved in a single action. The rule provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (87 Ill. 2d R. 304(a).)

The appellate court concluded that it lacked jurisdiction to consider defendants' appeal because the circuit court did not make the findings required by Rule 304(a).

Both plaintiff and defendants, on the other hand, contend that the appellate court erred in dismissing defendants' appeal. They maintain that Rule 304(a) is inapplicable here because the circuit court severed the counterclaims from plaintiff's case. They argue that Rule 304(a) applies only to single actions involving multiple claims or parties, and that the severance of the counterclaims from plaintiff's lawsuit created two separate and distinct actions. They argue that the judgment entered by the circuit court disposed of all of the issues between plaintiff and defendants, and, as such, the appellate court has jurisdiction pursuant to our Rule 301 (87 Ill. 2d R. 301).

Rule 304(a), in relevant part, requires the special findings with respect to appealability and enforceability

to be made only in cases where *"multiple claims for relief are involved in an action"* and appeal is taken "from a final judgment as to one or more but fewer than all of the \*\*\* claims." (Emphasis added.) (87 Ill. 2d R. 304(a).) Thus, the application of Rule 304(a) is limited solely to single actions involving multiple claims or multiple parties. (See *Davis v. Childers* (1965), 33 Ill. 2d 297, 300.) The "rule does not apply to a single-claim action nor to a multiple-claims action in which all of the claims have been decided." "[T]he rule is expressly limited to multiple-claims actions in which one or more but less than all of the multiple claims have been finally decided and found otherwise to be ready for appeal." (*Ariola v. Nigro* (1958), 13 Ill. 2d 200, 204 (construing Ill. Rev. Stat. 1957, ch. 110, par. 50(2)—the predecessor to Rule 304(a)). See also *Davis v. Childers* (1965), 33 Ill. 2d 297, 300; *Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 358; Tone & Eovaldi, *Separation of Trials and Appeals in Multiparty Actions,* 1967 Ill. L.F. 224.) Therefore, the question is whether the severance of plaintiff's case from the counterclaims created two separate actions, making Rule 304(a) inapplicable to plaintiff's case, or merely created separate trials, in which case compliance with Rule 304(a) would be required.

The Federal courts, in construing Federal Rule of Civil Procedure 54(b), after which Illinois' rule was patterned (see *Ariola v. Nigro* (1958), 13 Ill. 2d 200, 203), have held that an appeal from a judgment on a validly severed single claim may be taken without the required findings of appealability and enforceability notwithstanding the pendency of the remaining claims or counterclaims unless the severance amounted to an abuse of discretion. *United States v. O'Neil* (5th Cir. 1983), 709 F.2d 361; *Hebel v. Ebersole* (7th Cir. 1976), 543 F.2d 14; *Spencer, White & Prentis Inc. v. Pfizer Inc.* (2d Cir. 1974), 498 F.2d 358; 6 Moore, Federal Practice sec. 54.34[3] (Supp. 1985-86).

In determining whether a severance order constitutes an abuse of discretion, the Federal courts have considered whether the severed claim is "logically separable" from the remaining claims. (*Hebel v. Ebersole* (7th Cir. 1976), 543 F.2d 14, 17.) For example, in *Spencer, White & Prentis Inc. v. Pfizer Inc.* (2d Cir. 1974), 498 F.2d 358, a contractor sued to recover an unpaid balance of $59,912.50 due on a construction agreement. The defendant, by way of its answer and counterclaim, admitted that the money had not been paid but alleged that it was entitled to at least $61,000 from the contractor for damages allegedly suffered in performance of the work. The district court severed the contractor's claim from defendant's counterclaim and entered summary judgment in favor of the contractor. The appellate court determined that it did not have jurisdiction to hear the appeal. The court concluded that because of the "inseparable relationship between the counterclaims and plaintiff's claim" the district court's severance order was an abuse of discretion. 498 F.2d 358, 364.

We find the reasoning in the above-cited authorities to be persuasive. Whether the trial court, in severing plaintiff's claim from defendants' counterclaims, created two separate actions or merely separate trials logically depends upon the relationship of the claims to each other. Where the plaintiff's claim is unrelated and distinct from the counterclaim, the plaintiff's claim, if severed from the counterclaim, should be treated as a separate action. As such, an appeal should be allowed from a final judgment entered in the severed action without the findings required by Rule 304(a), just as if the case had proceeded as a single-claim action all along. (*Cf. Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 358.) Therefore, we adopt the Federal rule which provides that an appeal from a final judgment on a validly severed single claim may be taken without the required

findings of appealability and enforceability notwithstanding the pendency of the counterclaim unless the severance amounts to an abuse of discretion.

In the instant case plaintiff filed suit against defendants alleging that I.I.A. was an agent of Transamerica; that I.I.A. agreed to procure an insurance policy from Transamerica which would cover the same risks which were covered by a then-existing policy; that plaintiff relied on these representations and purchased the policy; and that plaintiff sustained a loss which was not covered by the policy as promised. Thereafter, Transamerica filed a counterclaim against I.I.A. seeking indemnification. The counterclaim alleged that Transamerica's liability, if any, was based on the theory of *respondeat superior*, and, that if Transamerica was found to be liable to plaintiff, Transamerica was entitled to indemnity from its purported agent, I.I.A. On the eve of trial, the circuit court granted I.I.A.'s motion to sever Transamerica's counterclaim from plaintiff's case. The court also granted I.I.A. leave to file a counterclaim against Transamerica, which the court ordered severed from plaintiff's case. Thus, the facts show that "the purported cause of action set forth in the counterclaim was unrelated to and distinct from plaintiff's action ***." (131 Ill. App. 3d 274, 279 (Sullivan, J., dissenting).) The counterclaims raise separate and distinct issues, the resolution of which will not affect the judgment entered in this case. As such, we conclude that the circuit court's severance order was not an abuse of discretion. Since the judgment disposed of all of the issues in controversy between plaintiff and defendants, the judgment was final and, therefore, appealable under Rule 301.

For the reasons stated, the order of the appellate court dismissing the appeal is reversed. The cause is remanded to the appellate court for proceedings consistent with this opinion.

*Reversed and remanded.*