119 Ill.2d 296 (1988)
518 N.E.2d 1031
WILLIAM J. CARTER, as Adm'r, Appellee,
v.
CHICAGO & ILLINOIS MIDLAND RAILWAY COMPANY, Appellant.
No. 63994.
Supreme Court of Illinois.
Opinion filed January 19, 1988.
*297 Graham & Graham, of Springfield (Charles E. Holt, of counsel), for appellant.
Knuppel, Grosboll, Becker & Tice, of Petersburg (R. John Alvarez, of counsel), for appellee.
Appellate court reversed; cause remanded.
JUSTICE RYAN delivered the opinion of the court:
Beverly Carter, while driving a van, was involved in an accident with a Chicago & Illinois Midland Railway Company train in Menard County, Illinois, on October 9, 1981. The accident resulted in the death of Beverly Carter and her infant daughter, Tiffany. William J. Carter, husband of Beverly and father of Tiffany, brought suit in his representative capacity against the railroad on behalf of the estate of Beverly and on behalf of the estate of Tiffany, seeking damages for the wrongful death of his wife and of his daughter. The jury returned a verdict in favor of plaintiff of $120,000 for the death of his wife, Beverly, and $5,000 for the death of his daughter, Tiffany. The verdict for the estate of the wife was reduced by 90% under comparative negligence principles, the jury having determined that Beverly was 90% negligent. The trial court found that the verdict for damages for the death of the infant daughter, Tiffany, was inadequate and granted a new trial for damages only as to the claim for her wrongful death.
*298 Plaintiff appealed from the judgment entered on the verdict as to the claim for wife Beverly's wrongful death. The appeal was dismissed by the appellate court because of the failure of the trial court to make the required finding under our Rule 304(a) (107 Ill.2d R. 304(a) (judgment as to fewer than all parties or claims)). Thereafter, the plaintiff secured the necessary finding by the trial court required by Rule 304(a), that is, there was no just reason for delaying enforcement or appeal, and on appeal from the judgment on the verdict for the wrongful death of wife Beverly, the appellate court affirmed. Carter v. Chicago & Illinois Midland Ry. Co. (1985), 130 Ill. App.3d 431 (Carter I).
Following the granting of a new trial as to damages only in the claim for the wrongful death of daughter Tiffany, the defendant petitioned the appellate court for leave to appeal under Rule 306 (107 Ill.2d R. 306 (appeals from orders granting new trial)). This petition for leave to appeal was denied. The defendant thereafter filed a counterclaim against wife Beverly's estate in the case for damages only then pending in the trial court, involving the claim for Tiffany's wrongful death. The counterclaim was for contribution based on the jury's finding that Beverly was 90% comparatively negligent. On motion of the plaintiff and over the objection of the defendant, the trial court severed the counterclaim. Tiffany's case was tried and the jury returned a verdict of $200,000 in favor of her estate and against the defendant railroad. Following the denial of a post-trial motion, the defendant requested a special finding under Rule 304(a) (107 Ill.2d R. 304(a) (judgment as to fewer than all parties or claims)). The trial court made the Rule 304(a) finding (there is no just reason for delaying enforcement or appeal). Later that same day, on the motion of the plaintiff, the trial court dismissed the defendant's counterclaim. The defendant took separate appeals *299 from the two judgments. The appeal from the judgment in favor of Tiffany's estate was based on the Rule 304(a) findings, because, at the time of its entry, the counterclaim was still pending. The other appeal was taken from the dismissal of the counterclaim. Inasmuch as the dismissal of the counterclaim had terminated the litigation, the appeal from that order was taken under our Rule 303 (107 Ill.2d R. 303) (appeals from final judgments of the circuit court in civil cases). The time sequence of these events became important. The post-trial motion as to the judgment in favor of Tiffany's estate was denied on February 14, 1985. The special finding under Rule 304(a) as to that claim was entered March 28, 1985. The appeal was taken under Rule 304(a) from the judgment in favor of Tiffany's estate within 30 days after the Rule 304(a) finding, but more than 30 days after the denial of defendant's post-trial motion.
The two appeals were at first consolidated in the appellate court, and later, the appellate court severed the two appeals to await the decision by this court in Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co. (1986), 111 Ill.2d 532. Plaintiff argued in the appellate court and argues in this court that the appeal from the judgment in favor of Tiffany's estate should have been filed within 30 days from the denial of the defendant's post-trial motion (February 14, 1985), pursuant to Rule 303(a)(1) (107 Ill.2d R. 303(a)(1), and not 30 days from the entry of the special finding under Rule 304(a) (107 Ill.2d R. 304(a)). Following the severance in the appellate court, that court considered first the appeal from the order dismissing defendant's counterclaim and affirmed the dismissal (Carter v. Chicago & Illinois Midland Ry. Co. (1986), 140 Ill. App.3d 25) (Carter II), and this court denied the petition for leave to appeal.
*300 After the counterclaim had been severed from Tiffany's case in the trial court, the new trial in the claim for her wrongful death was held on November 13, 1984. On November 30, 1984, this court filed its opinion in Laue v. Leifheit (1984), 105 Ill.2d 191, which held that our contribution act (Ill. Rev. Stat. 1981, ch. 70, par. 305) requires that a counterclaim for contribution be filed in a pending action if there is one. After that holding by this court, the plaintiff filed a motion to dismiss the defendant's counterclaim in the trial court. On March 28, 1985, the trial court dismissed the counterclaim, and as noted above, the appellate court affirmed the dismissal and we denied the defendant's petition for leave to appeal.
After this court filed its opinion in Northtown, the appellate court considered the defendant's appeal under Rule 304(a) from the judgment in favor of Tiffany's estate, which, as noted, had been severed from the appeal involving the dismissal of the counterclaim. The appellate court found that Northtown was controlling and that the appellate court was without jurisdiction because the appeal should have been taken within 30 days after the denial of the post-trial motion under Rule 303 and that Rule 304(a) did not apply (Carter v. Chicago & Illinois Midland Ry. Co. (1986), 144 Ill. App.3d 437) (Carter III). This court granted the defendant's petition for leave to appeal. In spite of the rather complicated proceedings that have transpired in this case, the sole issue before us in this appeal is the propriety of the appellate court's application of Northtown to this case.
In Northtown this court held that a counterclaim for indemnity severed in the trial court created a separate and distinct claim from that of the plaintiff. We held that a plaintiff's claim, when severed, should be treated as a separate action. As such, an appeal should be allowed from the final judgment in the severed action without the finding required by Rule 304(a) just as if the case *301 had proceeded as a single-claim action from the beginning. (Northtown, 111 Ill.2d at 537.) In Northtown, the appellate court had dismissed the appeal because there had been no finding under Rule 304(a). We reversed, holding that the Rule 304(a) finding was not necessary. In the case before us, unlike in Northtown, there had been a Rule 304(a) finding, but the appellate court dismissed the appeal because the notice of appeal was not filed within the time required by Rule 303(a). Although Northtown did not specifically so hold, the appellate court reasoned that Northtown required that the appeal be taken within the time required in Rule 303(a) and not the time specified in Rule 304(a).
Prior to 1956 in Illinois, a judgment finally determining the rights of fewer than all the parties, or fewer than all the claims, was appealable and had to be appealed if the rights of the parties against whom the judgment had been entered were to be preserved. This practice resulted in piecemeal appeals. Also, there was great uncertainty as to whether an order was a final and appealable order and a party, at his peril, would make the determination not to appeal. (See Ill. Ann. Stat., ch. 110A, par. 304, Historical & Practice Notes, at 158 (Smith-Hurd 1985).) In 1955, our Civil Practice Act was amended effective January 1, 1956, and section 50(2) was added (Ill. Rev. Stat. 1955, ch. 110, par. 50(2)). This section of the Civil Practice Act has been repealed and its contents incorporated in our present Rule 304(a). Rule 304(a) states:
"Rule 304. Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding
(a) Judgments As To Fewer Than All Parties or Claims  Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if *302 the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 107 Ill.2d R. 304(a).
This rule and its predecessor, section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 50(2) (repealed)), was modelled after Federal Rule of Civil Procedure 54(b). (Ariola v. Nigro (1958), 13 Ill.2d 200.) This provision was enacted to enable litigants to determine with certainty when a judgment adjudicating fewer than all the matters involved is appealable. (Ill. Ann. Stat., ch. 110A, par. 304, Historical & Practice Notes, at 159 (Smith-Hurd 1985).) It was also meant to avoid the practice which existed prior to 1956 of filing piecemeal appeals. (Ill. Ann. Stat., ch. 110A, par. 304, Historical & Practice Notes, at 158 (Smith-Hurd 1985).) The Illinois rule was intended to apply to final judgments or decrees determining fewer than "all the claims or rights and liabilities." The test was phrased in a manner intended to avoid the confusion attending the test for multiple claims under Federal rules. Ariola v. Nigro (1958), 13 Ill.2d 200, 206-07.
In Northtown this court relied upon three Federal cases: United States v. O'Neil (5th Cir.1983), 709 F.2d 361, Hebel v. Ebersole (7th Cir.1976), 543 F.2d 14, and Spencer, White & Prentis, Inc. v. Pfizer, Inc. (2d Cir.1974), 498 F.2d 358. In each of these cases, the claim being considered on appeal had been severed from the *303 other claims. The severance was found to involve Federal Rule 21 (Fed. R. Civ. P. 21). Federal Rule 21 deals with misjoinder and nonjoinder of parties. The last sentence of the rule, however, provides, "any claim against a party may be severed and proceeded with separately." The above Federal cases distinguished between ordering a severance under Federal Rule 21 and ordering separate trials under Federal Rule 42(b) (Fed. R. Civ. P. 42(b)). If the order is only for a separate trial of a claim, cross-claim, counterclaim, or third-party claim, then an order or judgment entered as a result of the separate trial, in order to be appealable, must contain the findings under Federal Rule 54(b) (Fed. R. Civ. P. 54(b)), which, as indicated above, is similar to our Rule 304(a), and after which our rule was patterned. If, however, the separate trial results from a severance ordered under Federal Rule 21, then the judgment entered as a result of the separate trial is final and appealable, without the special findings of Federal Rule 54(b).
The terms "severance" and "sever" have been used loosely to cover both a severance under Federal Rule 21 and the granting of separate trials under Federal Rule 42(b). As a result, some confusion exists in Federal practice as to whether a judgment on a claim that has been tried separately from other claims is appealable or whether a special finding under Rule 54(b) must be entered. One court has referred to this as a "tangle of Rules 21, 42(b) [and] 54(b)." (Spencer, White & Prentis, Inc. v. Pfizer (2d Cir.1974), 498 F.2d 358, 359.) Although Federal Rule 21 deals primarily with misjoinder and nonjoinder of parties, the severance provision of that rule is not confined to cases in which there has been misjoinder of parties, but extends to claims and counterclaims which have been properly joined. See Spencer, 498 F.2d at 361.
*304 In light of the confusion apparent in Federal practice, we must reexamine our holding in Northtown. Given the application of Northtown by the appellate court to the case now before us, we perceive grave danger, absent a restricting of the Northtown holding, of resurrecting the uncertainty that prevailed prior to the adoption of section 50(2) of the Civil Practice Act (now incorporated in our Rule 304(a)). The holding of Northtown, as applied to the facts of this case by the appellate court, will require that every losing party in a claim tried separately in a multiple-claim case must file a notice of appeal under our Rule 303 to protect against the possibility of an ultimate determination that the order for separate trials (severance) may have, in fact, created a separate action in which the judgment is appealable without the special finding of our Rule 304(a).
Section 2-1006 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-1006) relates to the consolidation and severance of cases and states, "[a]n action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." Although this provision as to severance is contained in the sentence referring to consolidation, we cannot limit its applicability only to severing cases that have been previously consolidated. Just as the Federal courts do not limit the severance provision of Federal Rule 21 to the context of the rule in which it is contained, that is, misjoinder cases, we also will not limit the authority to sever claims, thereby creating separate actions, to cases that have been consolidated. Under the liberal joinder provisions of our Code (section 2-404 (joinder of plaintiffs), section 2-405 (joinder of defendants), section 2-406 (bringing in new parties  third-party proceedings) and section 2-614 (joinder of causes of action) (Ill. Rev. Stat. 1985, ch. 110, pars. 2-404, 2-405, 2-406, 2-614)), *305 actions which could be filed separately, and which may be properly the subject of consolidation under section 2-1006, if separately filed, may be joined. Actions so joined should therefore also be subject to the severance provision of section 2-1006. It may be that the trial judge, in the exercise of sound discretion, will determine that claims or parties that have been joined, or cases that have been consolidated, should in fact be severed and treated as separate and distinct actions. Venue considerations or the fact that different claims may appropriately be heard in different branches or divisions of the same court, or in different courts, may influence such a decision to sever. The significance of both severance and consolidation being contained in the same section of the Code is simply that just as some actions separately started may be consolidated, so also multiple actions which have been joined may be severed.
In determining whether an action has been severed so that it thereafter will proceed as a separate case, and a judgment thereon will be appealable without the special finding required by our Rule 304(a), courts have used such words as "separate actions" or "a single claim" or "separate issues and parties." (See Sadler v. County of Cook (1982), 108 Ill. App.3d 175, 180; Chicago Miniature Lamp Works, Inc. v. D'Amico (1979), 78 Ill. App.3d 269; Salyers v. Board of Governors (1979), 69 Ill. App.3d 356, 358.) These phrases are not helpful and should not be controlling in determining whether or not Rule 304(a) is applicable.
In Northtown, we stated: "Whether the trial court, in severing plaintiff's claim from defendants' counterclaims, created two separate actions or merely separate trials logically depends upon the relationship of the claims to each other. Where the plaintiff's claim is unrelated and distinct from the counterclaim, the plaintiff's claim, if severed from the counterclaim, should be *306 treated as a separate action. As such, an appeal should be allowed from a final judgment entered in the severed action without the findings required by Rule 304(a), just as if the case had proceeded as a single-claim action all along." (Emphasis added.) (Northtown, 111 Ill.2d at 537.) This test likewise is too indefinite and uncertain to satisfy the certainty which former section 50(2) of the Civil Practice Act (now Rule 304(a)) sought to establish. Its use will subject the practitioner to the same perils faced by the pre-1956 practitioner and the courts of review to the same pre-1956 danger of inundation from piecemeal appeals. Looking to the Northtown test, when, for instance, is the plaintiff's claim so "unrelated and distinct from the counterclaim" that the order for separate trials or for severance will create separate and distinct claims? The practitioner, in deciding this issue, and in deciding whether to appeal or to seek a Rule 304(a) finding, makes that judgment at his peril. There is no reason why joined claims or joined parties or counterclaims that have been properly pleaded in the same action after a separate trial on one issue or claim has been ordered must in all cases forever stand as separate actions. On the other hand, there may be situations where it would be proper to truly sever the claims and create separate actions. Confusion as how to present an appeal will be avoided if the trial court provides certainty in the severance order as indicated below.
Section 2-614(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-614(b)) provides that the court may, in its discretion, "order separate trial of any causes of action, counterclaim or third-party claim if it cannot be conveniently disposed of with the other issues in the case." Also, section 2-404 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-404), which provides for joinder of plaintiffs, also provides "if * * * it shall appear that joinder may embarrass *307 or delay the trial of the action, the court may order separate trials." As previously noted, section 2-1006 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1006) provides that "[a]n action may be severed * * * as an aid to convenience, whenever it can be done without prejudice to a substantial right."
The term "sever" is used broadly, and when a trial court orders an issue or claim severed, more often than not the court is simply providing for separate trials and has not determined that the claims thereafter should proceed as separate actions. It should be noted that section 2-1006, which authorizes severing an action, does not contain the specificity of Federal Rule 21 (Fed. R. Civ. P. 21) and does not state, as Federal Rule 21 does, that any claim against a party may be severed and proceeded with separately.
Under which of the three sections of our Code of Civil Procedure set out above does the action of the trial court create a separate and distinct action so that a judgment thereon must be appealed under Rule 303, making a finding under Rule 304(a) unnecessary? In Northtown, we referred to the motion for severance as being under section 2-614(b) of the Code. (See Northtown, 111 Ill.2d at 534.) However, section 2-614(b) relates to ordering separate trials and not to severance.
To clarify the murky waters and to return to the certainty expected from the enactment of section 50(2) of the Civil Practice Act (now Rule 304(a)), we hold that regardless of the section of the Code relied upon by the court to bring about a separate trial of a claim or a counterclaim, the finding required by Rule 304(a) that "there is no just reason for delay in enforcement or appeal" is necessary to make a judgment as to the separately tried issue appealable, unless the trial court, in its severance order, clearly and unequivocally states that *308 the claim, counterclaim or the party has indeed been severed (in the narrow sense of that word) and that the severed claim, counterclaim or party shall proceed thereafter separate from the other claims, counterclaims or parties to the case. It appears that a true severance of actions should be accomplished under section 2-1006, but even when the order refers to this section and uses the words "sever" or "severance," the order should provide the certainty we have just discussed to avoid the requirements of Rule 304(a). The use of Rule 304(a) certification shall be the rule in cases involving judgments as to fewer than all parties or claims. The perfecting of an appeal under Rule 303(a)(1) in such cases must be the exception. As noted earlier, we stated in Northtown:
"Where the plaintiff's claim is unrelated and distinct from the counterclaim, the plaintiff's claim, if severed from the counterclaim, should be treated as a separate action. As such, an appeal should be allowed from a final judgment entered in the severed action without the finding required by Rule 304(a), just as if the case had proceeded as a single-claim action all along." (111 Ill.2d at 537.)
This language is too sweeping and must give way to the holding of this case.
For the reasons set out herein, the order of the appellate court dismissing the defendants' appeal in this case is reversed and the cause is remanded to the appellate court with directions to consider the merits of the appeal.
Appellate court reversed; cause remanded with directions.
JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.