DONALD KURR *et al.*, Plaintiffs-Appellees, v. THE TOWN OF CICERO *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—89—3420

Opinion filed December 28, 1990.

Joseph G. Bisceglia and Robert P. Zapinski, both of Jenner & Block, of Chicago, and Dennis E. Both, Town of Cicero Attorney, of Cicero, for appellants.

John K. Kneafsey and Stephen G. Kehoe, both of Nisen & Elliott, of Chicago, for appellees.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendants appeal from the entry of summary judgment in plaintiffs' favor on count I of their two-count complaint. We consider whether this court has jurisdiction over the appeal under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) when the order appealed from states "[t]here is no just reason to delay enforcement of this Order." We dismiss the appeal for lack of jurisdiction.

Plaintiffs are the beneficial owners of property located in Cicero, Illinois. In an effort to sell the property, plaintiffs applied to Cicero for a certificate of compliance which was denied because the property violated certain provisions of the housing code.

Plaintiffs filed a two-count complaint against defendants. In count I, plaintiffs sought *mandamus* relief to require defendants to issue the certificate of compliance, and in count II, plaintiffs sought monetary and equitable relief for an alleged violation of their constitutional rights.

On December 13, 1989, the trial judge entered an order granting summary judgment on count I in plaintiffs' favor. Count II remained pending. The order stated, in relevant part:

"It is hereby ordered that *** Plaintiffs['] Motion [for summary judgment on count I] and Writ of Mandamus is granted. ***

[Defendants] shall issue the certificate of compliance for the property *** within five (5) days hereof, on or before December 18, 1989. *** This Court retains jurisdiction to enforce this Order. This matter is continued for further hearing on December 19, 1989 at 9:30 a.m.

Count II is returned to the assignment Judge. There is no just reason to delay enforcement of this Order."

Before the order was entered, the parties argued as to whether the trial judge could require enforcement of the order without making a finding pursuant to Supreme Court Rule 304(a) that the order was final and there was no just reason to delay enforcement or appeal. The judge stated that he believed he could require enforcement of the or-

der and, if defendants complied with the order by December 18, he would "drop all jurisdiction over count I *** [and] enter an additional order providing whatever is necessary to get this on up to the Appellate Court."

On December 14, 1989, the day after the order was entered, defendants filed a notice of appeal. Plaintiffs moved this court to dismiss the appeal for lack of jurisdiction.

OPINION

■■ Supreme Court Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.*" (Emphasis added.) (107 Ill. 2d R. 304(a).)

In this case, a Rule 304(a) finding was necessary before an appeal could be taken because summary judgment was entered on count I of plaintiffs' complaint while count II remained pending. (*First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552.) Defendants contend that a Rule 304(a) finding was made because the order stated "[t]here is no just reason to delay enforcement of this Order."

In *First National Bank* (163 Ill. App. 3d at 161, 516 N.E.2d at 552), the trial judge entered an order granting partial summary judgment in defendant's favor stating " '[t]here is no just reason to delay enforcement of this order.' " On appeal from the order, this court found that because the trial judge did not make a finding concerning appealability, the language was insufficient to confer jurisdiction under Rule 304(a). The appeal was dismissed.

Similarly, in *Rauscher v. Albert* (1985), 138 Ill. App. 3d 799, 801, 485 N.E.2d 1362, 1364, the order appealed from stated " '[t]his Order is a final judgment and execution may issue instanter.' " The appeal was dismissed because the order referred to enforcement but not to appealability. The court in *Rauscher* found that under Rule 304(a) the trial judge was required to find that the order was enforceable and appealable.

■■ The present case parallels both *First National Bank* and *Rauscher*. In fact, the language in the order in this case was identical to the language used in *First National Bank* which was not considered a Rule 304(a) finding. Supreme Court Rule 304(a) requires that the judge make an express finding that there is no just reason to delay enforcement or appeal. Without a Rule 304(a) finding,

"any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

Although the trial judge in this case found the order was enforceable, he did not find it was appealable under Rule 304(a). Because a Rule 304(a) finding was not made, this appeal must be dismissed.

This is not a case where the trial judge, intending to make a Rule 304(a) finding, entered a poorly drafted order. (See *Kucharski v. Floro* (1989), 191 Ill. App. 3d 1032, 1032, 548 N.E.2d 483, 484 (order which stated it was "final and appealable *** pursuant to Rule 304(a)" was sufficient under Rule 304(a) although it did not state that there was no just reason to delay enforcement or appeal).) The order entered in this case did not refer to Rule 304(a). Further, the judge's comments make it clear that he did not intend to make a Rule 304(a) finding when he entered the order. He stated that he would consider entering an order with a Rule 304(a) finding if there was compliance with the order entered on December 13.

The question of whether it was proper for the trial court to require enforcement of the order without granting the right to appeal is not before this court. (But see *Rauscher*, 138 Ill. App. 3d 799, 485 N.E.2d 1362 (court dismissed appeal for lack of jurisdiction under Rule 304(a) and stated that it would violate due process to permit enforcement of order without allowing appeal).) Without jurisdiction, this court cannot consider the merits of the trial judge's order.

Alternatively, defendants argue that a Rule 304(a) finding was not necessary to confer jurisdiction to this court because count II was severed from count I. A Rule 304(a) finding is not necessary to appeal from a final judgment entered on a severed claim if the severance was not an abuse of discretion. (*Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.* (1986), 111 Ill. 2d 532, 490 N.E.2d 1268.) However, the supreme court has explained:

"[T]he trial court, in its severance order, [must] clearly and unequivocally state[] that the claim, counterclaim or the party has indeed been *severed* (in the narrow sense of that word) and that the severed claim, counterclaim or party shall proceed thereafter separate from the other claims, counterclaims or parties to the case." (Emphasis in original.) (*Carter v. Chicago & Illinois Midland R.R. Co.* (1988), 119 Ill. 2d 296, 307-08, 518 N.E.2d 1031, 1037.)

Defendants claim that the counts were severed because the trial judge

"treated" the counts separately. Under *Carter*, a severance order must clearly and unequivocally state that the claim has been severed. Defendants do not rely on a severance order. Despite defendants' claim, there is no support in the record that the trial judge severed counts I and II and, therefore, a Rule 304(a) finding was necessary to appeal from the entry of summary judgment on count I while count II was pending.

Lastly, we deny defendants' renewed request for a writ of prohibition which was previously denied by this court for want of jurisdiction.

Appeal dismissed.

MURRAY and GORDON, JJ., concur.