2025 IL App (1st) 232508-U

No. 1-23-2508

Order filed March 19, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ROBERT BRONSTEIN, Individually and as Independent Administrator of the Estate of Nathan Bronstein, a Minor, Deceased; and ROSELLENE BRONSTEIN, Individually and as Next Friend of M.B. and S.B., Minors, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LATIN SCHOOL OF CHICAGO, RANDALL DUNN, KRISTINE VAN OGDEN, BRIDGET HENNESSEY, JANE KNOCHE, ANNELISE KRANZ, DAVID KOO, SHELLEY GREENWOOD, and THOMAS HAGERMAN, | ) ) ) ) ) ) | No. 22 L 3763, cons. with 23 CH 5308 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT BRONSTEIN, and ROSELLENE BRONSTEIN, | ) ) | No. 23 CH 5308, cons. into 22 L 3763 |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |

No. 1-23-2508

| | | |
|---|---|---|
| LATIN SCHOOL OF CHICAGO, | ) | Honorable |
| | ) | Scott D. McKenna, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismiss this appeal for lack of jurisdiction because neither of the two orders that plaintiffs challenge on appeal is an appealable final judgment.

¶ 2   The circuit court consolidated plaintiffs' declaratory judgment action from the court's chancery division (case No. 23 CH 5308) into plaintiffs' action already pending in the law division (case No. 22 L 3763), which alleged a variety of tort and fraud claims. Thereafter, the court granted the amended motion of defendant Latin School of Chicago (Latin School) to dismiss the declaratory judgment action with prejudice.

¶ 3   On appeal, plaintiffs Robert and Rosellene Bronstein argue that the circuit court (1) erred by dismissing their declaratory judgment action for mootness, and (2) abused its discretion by consolidating the declaratory judgment and law division actions.

¶ 4   For the reasons that follow, we dismiss this appeal for lack of jurisdiction.[1]

¶ 5   I. BACKGROUND

¶ 6   In January 2022, plaintiffs' 15-year-old son died by suicide, approximately 30 days after he voluntarily withdrew from the defendant Latin School. In April 2022, plaintiffs Robert Bronstein, individually and as the administrator of his deceased son's estate, and Rosellene Bronstein, individually and as next friend of her two other children, filed in the circuit court's law

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

- 2 -

division a complaint alleging a wrongful death action and various tort and fraud claims against the Latin School, six individuals affiliated with the Latin School as administrators, counselors, or teachers (collectively, the Latin Defendants), and three parents of minors who attended the Latin School as students (collectively, the Minor and Parent Defendants). Relevant to this appeal, plaintiffs also alleged in that complaint a breach of contract claim against the Latin School in count VI, relying on various sections of the school's handbook as allegedly giving rise to certain duties.

¶ 7    The circuit court stayed discovery in the law division action and struck all previously issued written discovery pending the parties' attempts to settle. Specifically, all defendants who had been served in the law division action advised the court in July 2022 that they would file motions to dismiss attacking the legal sufficiency of plaintiffs' complaint, and the court stayed discovery until the later of August 1, 2022, or until the time that the remaining defendants appeared or were required to appear. On August 9, 2022, all proceedings in the law division action were stayed until October 4, 2022, while plaintiffs and the Latin School pursued mediation. The mediation was not successful and defendants filed their respective motions to dismiss plaintiffs' complaint. In response, plaintiffs requested leave to and filed their first amended complaint in November 2022. This complaint omitted the previously filed breach of contract claim but raised a claim for breach of fiduciary duty in count V, once again relying on the school's handbook as allegedly giving rise to duties. Also in November 2022, plaintiffs served written discovery requests on the Latin Defendants, seeking documents that would be part of the school files that plaintiffs would later seek in their declaratory relief action.

¶ 8    In December 2022, the circuit court struck all previously served discovery requests and subpoenas in the law division action. The court's order provided that plaintiffs or defendants could file any motions with respect to initiating discovery before the February 17, 2023 status date.

Plaintiffs, however, did not seek leave to initiate any discovery before the circuit court by that status date.

¶ 9    The Latin Defendants were to answer or otherwise plead to the first amended complaint on February 10, 2023. However, plaintiffs moved to dismiss one of the individual Minor and Parent Defendants. The court struck the deadline to answer or otherwise plead and ordered plaintiffs to file an amended complaint by February 7, 2023. Plaintiffs were subsequently granted four extensions of time to file their second amended complaint while they pursued settlement discussions with certain Minor and Parent Defendants. Plaintiffs were granted a final extension to file their second amended complaint by July 14, 2023.

¶ 10    Meanwhile, on April 6, 2023, while discovery was stayed in the law division action and before plaintiffs filed their second amended complaint, plaintiffs requested that the Latin School release to plaintiffs certain counseling records that are protected under the Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2022)), and the school files of their previously enrolled children pursuant to a provision in the school handbook. Plaintiffs asserted that they were entitled to these records under the handbook that was in place during the semester that their children attended the Latin School. The Handbook provides:

> "Parental Access to School Files
>
> The school keeps cumulative files on all students while they attend Latin. The files contain copies of all grade reports, progress reports, standardized test scores, correspondence involving the student, the original copy of the student's application, notes from teachers, the student's disciplinary records, and other miscellaneous records and papers. Parents/guardians who wish to examine their child's folder should call the division director for an appointment ***."

¶ 11     On April 27, 2023, the Latin School provided plaintiffs with the requested counseling records. However, the Latin School declined to produce the school files. The Latin School specifically disputed that the handbook created enforceable contractual rights and denied any other legal or contractual obligation to provide access to the school files to parents of former students who withdrew from the Latin School more than one year prior to the request and who were suing the Latin School. The Latin School asserted that any threatened legal action relating to the school files would be "judge shopping" to avoid the stay of discovery entered by the circuit court in the law division action.

¶ 12     In June 2023, plaintiffs Robert and Rosellene Bronstein filed a separate action against the Latin School in the circuit court's chancery division, case No. 23 CH 5308, seeking a declaratory judgment and specific performance to compel examination of their children's school files. Plaintiffs sought a declaration that they have an unconditional right to access and review their children's school files held by the Latin School. They also sought specific performance enjoining the Latin School from withholding their children's school files and directing the Latin School to allow plaintiffs to access those school files in accordance with the Latin School's handbook. Plaintiffs alleged that the handbook created either a perpetual contractual obligation or unconditional promise to provide parental access to students' school files.

¶ 13     On June 20, 2023, the Latin School offered to make the school files available for examination, without waiving its position that it was not contractually obligated to provide access. On June 21, 2023, despite the stay of discovery, plaintiffs insisted that they had the right to not only examine the school files but also to take screenshots of the same. On July 6, 2023, plaintiffs viewed the school files that the Latin School provided for their inspection at their attorney's office for more than six hours.

¶ 14 In July 2023, the Latin School moved the court to consolidate the declaratory judgment action and the law division action into a consolidated action in the law division for all purposes. On August 9, 2023, after briefing, the court granted the Latin School's motion and consolidated the declaratory judgment action into the law division action.

¶ 15 The Latin School then filed an amended motion to dismiss plaintiffs' complaint for declaratory judgment, arguing that the action was moot and barred by the absolute litigation privilege. In support of this motion, the Latin School provided an affidavit of completeness pursuant to Illinois Supreme Court Rule 214 (eff. July 1, 2018), signed by Ryan Allen, the assistant head of school, on September 27, 2023. The Allen affidavit provided that "the documents labeled NB000001-NB000398 and SB000001-000288 contain the Latin School of Chicago's "School File" for Nate Bronstein and S.B. respectively as defined in Latin School of Chicago's 2021-2022 Student/Family Handbook in effect at the time of the students' enrollment at Latin School of Chicago." The Latin School also provided an affidavit of attorney Matthew Karsakow, who attested that the Latin School had provided the school files to plaintiffs for inspection at plaintiffs' attorney's office on July 6, 2023, for more than six hours.

¶ 16 Plaintiffs opposed the amended motion to dismiss and sought discovery pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013), with supporting affidavits, because they believed documents were missing from the school files and the Latin School's supporting affidavits presented no factual basis demonstrating that its witnesses had personal knowledge of the school files. The circuit court denied plaintiffs' motion for Rule 191 discovery and directed them to instead address the alleged incompetence of the Latin School's affidavits in substantive briefing.

¶ 17    After full briefing, on November 20, 2023, the circuit court dismissed plaintiffs' complaint for declaratory judgment, with prejudice, "for the reasons stated on the record." At that hearing, the court reasoned as follows.

"Within that contract, it simply allows a right of access, and I do agree with that. And access was provided. Now, that access is not defined, but certainly what was provided, which is a six-hour review of the *** file *** pursuant to the handbook, certainly does qualify as access. I can't see that there was any breach of that agreement as signed by the plaintiffs in this case. So, you know, *** eventually *** the school files such as it is [are] going to be tendered at some point and it's going to be done within the confines of the discovery of this case at the appropriate time. I don't think *** a chancery case asking for performance of production of things that I believe the Latin School's already done is the appropriate venue. And, again, I think it is moot, so it will be dismissed with prejudice."

¶ 18    Plaintiffs appealed, arguing that the circuit court erred by dismissing their declaratory judgment action as moot where (1) the court did not define the scope of the Latin School's contractual obligation to allow plaintiffs access to their children's school files, (2) no witness of the Latin School affirmatively stated that the children's complete school files had been shared with plaintiffs, (3) the parties' conflicting affidavits regarding plaintiffs' access to the school files demonstrated disputed issues of material fact regarding the Latin School's satisfaction of its contractual obligations to plaintiffs, and (4) the contract language indicates that copies of the school files are available to third parties such as colleges and universities. Plaintiffs also argue that the court abused its discretion by consolidating their declaratory judgment action with their previously filed law division action because the two actions did not involve the same issues, acts,

events, and evidence, there was no risk of inconsistent rulings, and consolidation prejudiced plaintiffs' substantial rights.

¶ 19    The Latin School responds that plaintiffs' declaratory judgment action was an attempt to avoid the stay of discovery in the law division action, and the declaratory judgment action was properly consolidated and then dismissed as moot after plaintiffs were granted the ability to examine the school files for over six hours. The Latin School argues that if this court determines that any aspect of plaintiffs' declaratory judgment action is not moot, this court should nevertheless affirm the dismissal of that action based on the absolute litigation privilege. Specifically, the Latin School argues that the absolute litigation privilege applies because any action by the Latin School to withhold the school files or allow access to the school files for examination after the law division action was filed and while a stay of discovery was in place pertains to the law division action.

¶ 20                                    II. ANALYSIS

¶ 21    As a preliminary matter, plaintiffs ask this court to strike or disregard portions of the Latin School's statement of facts because it includes editorialized arguments as lead-ins to purported facts, in violation of Illinois Supreme Court Rule 341(h)(6), (i) (eff. Oct. 1, 2020).

¶ 22    When a party's brief improperly includes argument, conclusions, or inappropriate record citations, the appellate court may, in its discretion, strike or disregard those portions. See *Merrifield v. Illinois State Police Merit Board*, 294 Ill. App. 3d 520, 527 (1997). "Where violations of supreme court rules are not so flagrant as to hinder or preclude review, the striking of a brief in whole or in part may be unwarranted." *Id.* We find that the challenged portions of the Latin School's statement of facts are not so misleading as to hinder our analysis. We will therefore not strike portions of the Latin School's statement of facts, but we will disregard those portions that violate Rule 341(h)(6), (i).

¶ 23    The dispositive issue on appeal is the Latin School's April 2024 motion to dismiss plaintiffs' appeal for lack of jurisdiction, which this court ordered would be taken with the case. The Latin School argues that plaintiffs' appeal should be dismissed because neither the circuit court's November 2023 dismissal order nor the August 2023 consolidation order is an appealable final judgment. Specifically, the Latin School states that the August 2023 consolidation order, which consolidated the declaratory judgment action into the law division action for all purposes where the two actions involved the same parties and arose out of the same events, is not a judgment or a final order in any respect and is therefore not appealable. Furthermore, the November 2023 dismissal order, which dismissed plaintiffs' declaratory judgment complaint with prejudice, is a judgment as to fewer than all of the parties and claims in the consolidated action and is not appealable because the order does not contain the requisite finding that there is no just reason to delay appeal as required by Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 24    Appeals from final judgments are permitted to parties as a matter of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). In determining whether an order is a final order, courts consider whether the order "terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate part thereof." *In re Alexis H.,* 335 Ill. App. 3d 1009, 1012 (2002). A "final judgment" is one that "fixes absolutely the rights of the parties" such that "the only thing remaining is to proceed with the execution of the judgment." *Id.*

¶ 25    However, when a judgment disposes of only some claims against a party, or only claims against one party while claims against other parties remain pending, appeals are governed by Illinois Supreme Court Rule 304(a), which provides in pertinent part:

>        "(a) Judgments As to Fewer Than All Parties or Claims—Necessity for Special
>
>        Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal

may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason to delay either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). "[A]bsent [a Rule 304(a) finding], if an order finally resolves one claim against one party, but other claims and/or other parties remain pending, an appeal from the final order must wait until the other matters have been resolved." *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). Plaintiffs do not dispute that a Rule 304(a) finding was not made by the circuit court in the November 2023 dismissal order. In fact, the circuit court expressly stated that it would not include Rule 304(a) language in the order.

¶ 26 Plaintiffs, in their individual capacities, filed a third amended complaint in the law division action which contained four counts against the Latin School that were pending at the time of the November 2023 order. Plaintiffs also alleged other claims in their representative capacity against the Latin School and against several Latin School employees and other parties that remained pending when the complaint for declaratory relief was dismissed with prejudice. Because plaintiffs' claims remained pending against the Latin School and other defendants, the November 2023 order is not an appealable order without a Rule 304(a) finding.

¶ 27 Furthermore, the August 2023 consolidation order is not a final order because it did not fix "absolutely and finally the rights of the parties in the lawsuit" or determine "the litigation on the

merits so that, if affirmed, the only thing remaining is to proceed with the execution of judgment." *In re Rogan M.*, 2014 IL App (1st) 132765, ¶ 9. Nor is a consolidation order an interlocutory order that is appealable under the Illinois Supreme Court Rules. See, *e.g.*, Ill. S. Ct. Rule 307 (eff. Nov. 1, 2017). Absent an express written Rule 304(a) finding by the circuit court that there is no just reason to delay enforcement or appeal, this court lacks jurisdiction over plaintiffs' appeal of the November 2023 dismissal order and the August 2023 consolidation order.

¶ 28    Plaintiffs contend that the consolidation and dismissal orders are final and appealable because the court's consolidation did not merge the chancery and law division actions into one action; rather, the chancery action aways maintained its separate identity with a separate complaint and separate track before the circuit court. Plaintiffs also contend that, after the consolidation order and before the dismissal order, the court severed the declaratory judgment action from the law division action because the court determined that the two actions needed to be maintained separately.

¶ 29    First, we address plaintiffs' argument that the challenged August and November 2023 orders are final and appealable because their declaratory judgment action always maintained its distinct identity despite its consolidation with the law division case. Plaintiffs claim that the parties and the circuit court treated the cases as "a consolidation of the Chancery Action *with* (and not into) the Law Division Action." Plaintiffs also claim that because the case captions in court filings and orders after consolidation used the words "consolidated with" as opposed to "consolidated into," that these two actions were not merged into one action.

¶ 30    Plaintiffs' argument is not persuasive. It ignores the plain language of the circuit court's written order consolidating the declaratory judgment and law division actions "into [case No. 22 L 3763]," *i.e.*, the law division action. Contrary to plaintiffs' assertion that the two actions were

- 11 -

kept separate, the circuit court, in granting defendant's motion to consolidate, stated that the "chancery matter is to proceed under the law division number and the matter of the chancery filing to be cancelled." The record establishes that the circuit court and the parties followed this order.

¶ 31    Section 2-1006 of the Code of Civil Procedure (735 ILCS 5/2-1006 (West 2022)) provides that "[a]n action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." Consolidation is proper when the cases are of the same nature, arise from the same act or event, involve the same or like issues, and depend largely upon the same evidence. *In re Joseph J.*, 2020 IL App (1st) 190305, ¶ 26. Consolidation of actions is also appropriate when there are common questions of law and fact. *Clore v. Fredman*, 59 Ill. 2d 20, 28 (1974). We note that

> "Illinois courts have recognized three distinct forms of consolidation: (1) where several actions are pending involving the same subject matter, the court may stay the proceedings in all but one of the cases and determine whether the disposition of one action may settle the others; (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tied together, but with separate docket entries, verdicts, and judgment, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identity, to be disposed of as one suit." *Busch v. Mison*, 385 Ill. App. 3d 620, 624 (2008).

¶ 32    Our review of the record indicates that the consolidation comes within the third category. "To determine whether a particular consolidation was for disposition, the test is whether the cases might have been the subject of a single proceeding or could have been brought as one action." *Dowe v. Birmingham Steel Corp.*, 2011 IL App (1st) 091997, ¶ 22. Here, plaintiffs did allege

claims in the law division action based on violations of the handbook and for failing to provide information after their son's death. Thus, the same claims alleged in the complaint for declaratory judgment based on the handbook and alleged failures to provide information could have been alleged in the law division action.

¶ 33 Additional factors to be considered in determining whether matters lose their individual identity after consolidation include whether separate docket entries continue to be used, whether the parties are considered parties in each case, and whether the court issues single or separate orders. See, *e.g.*, *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 22 (finding that the cases were consolidated only for convenience and economy where the circuit court's entering separate orders under each case number demonstrated that the court intended to keep the matters separate); *Adoption of S.G. v. S.G.*, 401 Ill. App. 3d 775, 782-83 (2010) (finding that two petitions to adopt a child maintained their separate identities despite consolidation where there were separate docket entries in separate cases on some dates, each set of petitioners was not treated as parties in the other case, the parties were not identical, and the court issued a dismissal order that only reflected the arguments of one set of petitioners); *Shannon v. Stookey*, 59 Ill. App. 3d 573, 577 (1978) (consolidation of cases was "solely limited to an integration of evidence at a joint trial" and did not merge the causes into a single suit).

¶ 34 Here, after entry of the consolidation order, the circuit court, the clerk of court, and the parties treated this matter as if the two cases were consolidated into a single action. The register of actions shows that the declaratory judgment action was "disposed" of as of August 18, 2023, when that case was formally transferred by the clerk of the court to the law division. The parties filed all of their briefs relating to defendant's amended motion to dismiss plaintiffs' declaratory judgment complaint under the law division case number. In fact, the only documents filed under the chancery

division case number after the consolidation were plaintiffs' notice of appeal and subsequent filings to prepare the record on appeal. The circuit court, in granting defendant's amended motion to dismiss with prejudice, entered that dismissal on a single order in the law division action that showed the consolidated case numbers in the caption and also addressed several other issues in the law division action. The circuit court explained during its oral ruling in November 2023 that it did not see the dismissal of the complaint for declaratory judgment as a final ruling subject to appeal or warranting Rule 304(a) language because the Latin School was still a party to the remaining claims in the case and discovery concerning the school files would occur at the appropriate time in the law division case. After consolidation, all other orders relating to the declaratory judgment action were entered either as single orders in the law division action and similarly showed both consolidated case numbers in the caption, or as single orders in the law division action and showed only the law division case number in the caption. The conduct of the circuit court, the clerk of the court, and the parties after consolidation was granted for all purposes demonstrates that plaintiffs' declaratory judgment action was consolidated into the law division action such that they became one single action. Thus, plaintiffs' appeal is premature without a Rule 304(a) finding because claims were still pending against the Latin School when the circuit court entered the November 2023 dismissal order.

¶ 35    Next, we address plaintiffs' argument that the challenged August and November 2023 orders are final and appealable because the circuit court severed the declaratory judgment complaint from the law division action.

¶ 36    In *Carter v. Chicago & Illinois Midland Railway*, 119 Ill.2d 296, 307 (1988), the Illinois Supreme Court held that a Rule 304(a) finding is necessary to perfect an appeal of a final judgment on a group of claims separately decided. The court ruled, however, that in a case involving multiple

parties or claims, if a court has not made a Rule 304(a) finding, the dismissal of a claim is immediately appealable only if the court "clearly and unequivocally" states in its severance order "that the claim, counterclaim or the party has indeed been *severed* (in the narrow sense of that word) and that the severed claim, counterclaim or party shall proceed thereafter separate from the other claims, counterclaims or parties to the case." (Emphasis in original.) *Id.* at 307-08. In so deciding, however, the supreme court admonished that "[t]he use of Rule 304(a) certification shall be the rule in cases involving judgments as to fewer than all parties and claims. The perfecting of an appeal under Rule 303(a)(1) in such cases must be the exception." *Id.* at 308.

¶ 37　The record does not contain a written order whereby the circuit court ruled that the declaratory judgment claim was severed from the law division claim. Nevertheless, plaintiffs cite two occasions when the circuit court made certain comments that, according to plaintiffs, modified the August 9, 2023, consolidation order. Plaintiffs assert that these comments establish that the circuit court severed the declaratory judgment action from the law division action and thereby rendered the August 9, 2003, consolidation order and the November 20, 2023, dismissal order final and appealable orders.

¶ 38　The first occasion occurred on August 11, 2023, during a hearing held on, *inter alia*, the Latin School's motion to strike plaintiffs' second amended complaint in the law division action. The court struck, in part, plaintiffs' second amended complaint and asked plaintiffs' counsel how much time she needed to file a third amended complaint. Plaintiffs' counsel suggested resetting the briefing schedule in the law division action because the briefing schedule in the consolidated declaratory judgment action had been stricken. The following discussion occurred.

　　　　"MR. TRUCCO [(DEFENSE ATTORNEY)]: The only thing I was going to suggest, your Honor, was rather than having—now that [where] they're consolidated,

rather than having two complaints moving, if the plaintiffs are filing a third amended complaint, those [claims from the declaratory judgment complaint] can be added to the third amended complaint and then we'll have one pleading.

THE COURT: That certainly makes sense as well.

MS. GOULD [(PLAINTIFFS' ATTORNEY)]: I mean, we filed a complaint. They moved to dismiss. They're very different. One is a breach of contract [*i.e.*, the declaratory judgment claim,] based on conduct literally in April and May of this year. It's very different. The only similarity is that there's the Bronsteins and Latins. So part of our issue and concern is that one very simple issue is being mired in a much bigger tort action.

MR. FLOOD [(PLAINTIFFS' ATTORNEY)]: If I may, your Honor, just briefly.

THE COURT: Yeah.

MR. FLOOD: I'm not part of [the declaratory judgment] contract case. Todd Flood is not part of the contract case. So here the consolidation—how am I going to now [proceed] with my name *** on [the] case? You know what I mean? It doesn't make sense.

THE COURT: Yeah. I didn't know that aspect [of it]. So with that being said, we'll just—I mean, all these issues, now that we're consolidated, they're going to be decided, *so it makes sense to keep them separate. I don't want to commingle counsels' obligations.*"

MR. TRUCCO: Fair enough then, Judge, what I would suggest with the Court's permission is we will refile and frankly it will be an amended motion to dismiss, notice it before the Court. ***

\* \* \*

MS. GOULD: I mean, we can work out the briefing schedule for this order if you're filing in seven days.

THE COURT: Let's do that. ***." (Emphasis added.)

¶ 39    This discussion does not support plaintiffs' claim that the circuit court severed the declaratory judgment action or kept it separate from the law division action. Although the court said that "it makes sense to keep them separate," the court was referring to having *separate issues or complaints* but not *separate actions* in response to one of plaintiffs' counsel's statements that he was "not part of" the complaint for declaratory judgment and the court did not want to "commingle counsels' obligations."

¶ 40    The second occasion cited by plaintiffs in support of their claim of severance occurred on November 20, 2023, when the circuit court granted the Latin School's amended motion to dismiss the declaratory judgment complaint with prejudice on the grounds that the claim was moot. Plaintiffs' counsel asked whether that would be a final ruling subject to appeal, and the following discussion occurred.

"THE COURT: It's not a final ruling because [the] Latin School is still in the case with respect to this. *I'm going to sever the chancery case and dismiss it*.

MS. GOULD [(PLAINTIFFS' COUNSEL)]: Okay.

THE COURT: There won't be a [Rule] 304(a) finding. The Latin School is still a defendant in the case. So it's not dismissing all claims as to a particular defendant, so 304(a) really doesn't apply.

MS. GOULD: Okay.

THE COURT: So the clock is not running.

- 17 -

MS. GOULD: Okay.

THE COURT: At least that's my estimation of the law.

MS. GOULD: Okay.

THE COURT: If you have a different estimation, then you're free to file any notice that you wish, but I don't believe—and I'm not going to ask Mr. Trucco's [(defense attorney)] opinion on this, but I don't believe the clock would [start] running." (Emphasis added.)

The court then explained that it could not definitively answer plaintiffs' counsel's question because the court could not give an advisory opinion. Then, the court concluded, "But I don't think that— I think it's not a final order until this entire matter is final."

¶ 41     Plaintiffs rely on the circuit court's brief remark, taken out of context, about severing the chancery case, but the court immediately thereafter explained that it would not make a Rule 304(a) finding that the dismissal order was an appealable final judgment because claims were still pending against the Latin School. This is not a clear and unequivocal statement in a severance order that the declaratory judgment claim was severed from the law division action. See *Carter*, 119 Ill. 2d at 307-08. In fact, the circuit court clearly indicated that its dismissal order was not an appealable final order "until this entire matter is final."

¶ 42     To support their assertion that a Rule 304(a) finding is not necessary here, plaintiffs cite *Nationwide Mutual Insurance Co. v. Filos*, 285 Ill. App. 3d 528 (1996), where an insurer's declaratory judgment action was consolidated with an underlying action at law in which the insurer's motion for summary judgment was granted. The *Nationwide* court ruled that, although the order granting summary judgment did not dispose of all claims raised in the consolidated action and also did not contain a Rule 304(a) finding, the court nonetheless had jurisdiction to review the

injured employee's appeal of the trial court's grant of summary judgment in favor of the insurer under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). 285 Il. App. 3d at 532. The court reasoned that the consolidation "was done only for convenience and economy"; the consolidation "did not merge the causes into a single suit, or change the rights of the parties, or make those who were parties in one suit parties in another" [Citation.]; and the law action "retained its distinct identity." *Id.*

¶ 43    Plaintiffs' reliance on *Nationwide*, however, is misplaced because *Nationwide* relied in 1996 on *Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.*, 111 Ill. 2d 532 (1986), which was limited by the 1988 *Carter* decision discussed above. Specifically, *Northtown* stated that

> "[w]here the plaintiff's claim is unrelated and distinct from the counterclaim, the plaintiff's claim, if severed from the counterclaim, should be treated as a separate action. As such, an appeal should be allowed from a final judgment entered in the severed action without the finding required by Rule 304(a), just as if the case had proceeded as a single-claim action all along." 111 Ill. 2d at 537.

*Carter*, however, stated that the above language in *Northtown* was "too sweeping and must give way to the holding of [*Carter*]." 119 Ill. 2d at 308.

¶ 44    There is no severance order here. Because there is no severance order and no order "clearly and unequivocally" stating that the claim, counterclaim, or party has been severed and should proceed separately from the other claims, counterclaims, or parties to the case, plaintiffs cannot appeal without a Rule 304(a) finding and this court lacks jurisdiction over this appeal.

¶ 45                                III. CONCLUSION

¶ 46    For the foregoing reasons, we dismiss plaintiffs' appeal for lack of jurisdiction.

¶ 47     Appeal dismissed.